434 So.2d 61 (1983)
Alan B. McINTYRE, Appellant,
v.
Terry Ellis McINTYRE, Appellee.
No. 82-682.
District Court of Appeal of Florida, Fifth District.
July 14, 1983.
Mark E. NeJame of NeJame & Hyman, P.A., Orlando, for appellant.
Jon S. Rosenberg, Orlando, for appellee.
COWART, Judge.
This case involves the award of an attorney's fee to a wife in a dissolution proceeding.
By stipulation the trial court divided the marital assets between the parties with the husband getting the pickup truck and the wife getting the household furniture and a $350 tax refund check. Custody of the two and one-half year old child was awarded to the wife. The husband was ordered to pay $35 per week for child support.
The wife earns a net weekly income of $190; the husband earns a net weekly income *62 of $132, which, less the $35 per week child support, will become $97 per week.
The husband appeals that portion of the final judgment requiring him to pay $1,000 as a contribution to the wife's attorney's fees. We reverse.
Section 61.16, Florida Statutes (1981), provides that the court may, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money and the costs to the other party. The purpose of this statute is to assure each party has similar ability to obtain counsel and litigate the issues presented in the dissolution of marriage. In this case each party has had the services of counsel and the wife owes $1,050 she borrowed to make a partial payment of her attorney's fees. While it is not necessary for one spouse to be completely unable to pay attorney's fees in order for the other to be required to pay them and attorney's fees can in a proper case be awarded "to avoid an inequitable diminuation of the fiscal sums granted" as equitable distribution or support, Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980), nevertheless, this does not constitute a rule of law that the husband should always be required to pay, or contribute to, the wife's attorney's fees. After making a truly equitable distribution of marital assets it is inequitable to diminish the assets awarded either party by requiring one party to pay the litigation costs of the other where each party has substantially equal ability to pay their own costs and expenses. In this case the financial resources of the parties are not materially disproportionate and the wife's indebtedness for attorney's fees will, apparently, have to be paid from someone's future earnings. The wife has earning ability equal, even superior, to that of the husband and, therefore, equal or superior ability to discharge her own debt for her own attorney's fees. The order for the husband to pay a contribution to the wife's attorney's fees is
REVERSED.
DAUKSCH, J., and FOXMAN, Associate Judge, concur.