442 So.2d 1054 (1983)
Samuel Perry PENLAND, Sr., Appellant,
v.
Sybil Claire PENLAND, Appellee.
No. AQ-354.
District Court of Appeal of Florida, First District.
December 16, 1983.
*1055 John Paul Howard, Jacksonville, for appellant.
Elaine N. Duggar, Gardner, Shelfer & Duggar, Tallahassee, for appellee.
MILLS, Judge.
Both parties appeal from an order denying modification of a final judgment of dissolution of marriage. We affirm.
Perry and Sybil Penland were divorced in 1980. The final judgment provided that the marital property would be divided so that Sybil had assets worth approximately $505,000 and Perry had assets worth approximately $585,000. The final judgment also required that Perry pay Sybil $2,000 per month as permanent alimony subject to future modification.
In 1982, Perry sought to have the alimony terminated. In response, Sybil sought an alimony increase. Sybil also asked the trial court to require Perry to pay her a portion of a tax refund received for taxes paid in 1979, a year in which Perry and Sybil filed a joint income tax return.
The trial court found that the circumstances of the parties had not changed enough to warrant modification. The trial court also denied Sybil's request for a portion of the tax refund on the basis that disposition of the refund was covered by a pre-divorce agreement and on the basis that Perry had earned the income and sustained the loss which generated the refund.
Alimony may not be modified for anticipated changes in circumstances. Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981); Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980). When the trial court entered final judgment, Perry and Sybil knew that Sybil would have substantial assets and non-alimony income from those assets. They also knew that the non-alimony income would decrease and eventually terminate. Sybil's changed financial circumstances were anticipated and could not serve as a basis for alimony modification.
*1056 Perry asserts that Sybil's circumstances have changed because she is now able to supplement her income through gainful employment. The record, however, supports the trial court's finding that Sybil's ability to work is limited and that any work she does will be primarily therapeutic. There have been no unanticipated changes in Sybil's circumstances justifying alimony modification.
Perry's financial circumstances have not changed enough to warrant a modification of alimony. Perry does not argue on appeal that his financial circumstances have deteriorated. Sybil failed to show anything but a temporary increase in Perry's income. In addition, Sybil failed to show that she needs more money. We agree with the trial court that alimony modification was not justified.
We find no merit in Sybil's contention that she should receive a portion of the income tax refund for 1979. The trial court properly found that the pre-divorce agreement between the parties known as the "Boney Road Agreement" governed the disposition of the refund. The trial court did not abuse its discretion in interpreting this agreement.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.