495 So.2d 229 (1986)
Richard Norman SMITH, Appellant,
v.
Ellen Marie SMITH, Appellee.
No. 85-2764.
District Court of Appeal of Florida, Second District.
September 24, 1986.
Anthony A. Accorsi, Avon Park, for appellant.
No Appearance for appellee.
SCHOONOVER, Acting Chief Judge.
Richard Norman Smith (the husband) appeals from a final judgment dissolving his marriage to Ellen Marie Smith (the wife). We affirm in part and reverse in part.
In addition to dissolving the parties' marriage, the final judgment awarded to the wife primary custody of the children and exclusive possession of the parties' home until the youngest child attains the age of eighteen. The husband was required to pay, among other things, child support, rehabilitative alimony, one-half of the family's debts, and one-half of the mortgage payments on the home. We find that the court did not abuse its discretion in this portion of the final judgment, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), but that it did abuse its discretion in requiring the husband to pay one-half of the wife's attorney's fees.
Pursuant to section 61.16, Florida Statutes (1985), a court may, after considering the parties' financial resources, order one party to pay to the other party a reasonable amount for attorney's fees, suit money, and costs. The purpose of this statute is to assure that each party has similar ability to secure competent counsel and to litigate the issues presented in the dissolution of marriage. Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985); McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th *230 DCA 1983). It is not necessary for one spouse to be completely unable to pay attorney's fees in order for the other to be required to pay them, and such fees can in a proper case be awarded to avoid an inequitable diminution of the amounts granted as equitable distribution or support. Canakaris. After making a truly equitable distribution of marital assets, however, it is inequitable to diminish the asserts awarded to one party by requiring that party to pay the other party's attorney's fees where, on the basis of such distribution, each party has substantially equal ability to pay such fees. Ariko; McIntyre. In this case the only asset of substantial value was the parties' home, ownership of which was equally divided. As use and possession of the home had been awarded to the wife until the youngest child attains the age of eighteen years, the home was not available to be sold to obtain funds for the payment of attorney's fees. It appears, therefore, that the wife's indebtedness for attorney's fees will have to be paid from someone's future earnings. Because the wife has earning ability equal or superior to that of the husband, she has equal or superior ability to discharge her own debt for attorney's fees. It was therefore error for the trial court to order the husband to pay one-half of the wife's attorney's fees. McIntyre.
We, accordingly, reverse the portion of the final judgment requiring the husband to pay one-half of the wife's attorney's fees. We affirm the final judgment in all other respects.
Affirmed in part, reversed in part.
HALL and SANDERLIN, JJ., concur.