GLICKSTEIN, Judge.
This is an appeal by a former husband from a final judgment in an action brought by him to modify an unwritten agreement which was recited into the record of the trial court during the parties contested dissolution in 1976, ten years prior to the unsuccessful attempt at modification. The husband was attempting to terminate completely all payments of $1,200 per month, designated in the recited agreement as alimony, and treated by the wife as such on her income tax returns from the time of agreement.
The case represents the converse of Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982), in which the husband deducted the payments of “alimony” for years on his income tax return then opposed the ex-wife’s attempt to modify the alimony on the ground that the wife had executed a true property settlement. We rejected the husband’s argument and by footnote pointed out that attorneys can effectively provide in these agreements that the wife’s alimony is not modifiable. If payments are intended to be a property right and non-modifiable, that, too, can be stated in the agreement. While Wolfe postdated the present parties’ dissolution, the attorney’s options did not, given the basic tools then available.
However, we affirm the final judgment for another reason; substantial competent evidence in the record to support the conclusion that the wife had established her affirmative defense that the increase in the wife’s income was foreseeable. Citing Penland v. Penland, 442 So.2d 1054 (Fla. 1st DCA 1983), the wife points out, with which we agree, that it was reasonable to anticipate the corporate stock held by the parties would be liquidated after the parties’ dissolution, thus providing the wife with additional assets and income.
The husband was seeking complete elimination of the wife’s alimony, not just its reduction; and was seeking to undo — ten years after the fact — an agreement whose terms were as grating as they were binding. It was not an independent judicial determination being attacked, but a bargain that bore a monthly reminder by the writing of a check.
GUNTHER, J., and GOLDMAN, MURRAY, Associate Judge, concur.