COBB, Judge.
The appellant, Donald J. Gray, appeals the trial court’s denial of his motion for modification of a permanent periodic alimony award to his ex-wife, who is now a resident of Germany. The evidence adduced below clearly established Gray’s ability to pay; the thrust of the appellate argument is that the evidence established the wife’s capacity for self-support.
This appellant’s argument may have been persuasive on appeal from the original award. See Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988). The issue now, however, is whether or not there has been a sufficient change of circumstances to require modification. The evidence below was conflicting and as such will sustain the trial court’s conclusion that any changes in the circumstances of the parties was anticipated at the time the final judgment of dissolution was entered. See Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA 1988); Kreiser v. Kreiser, 505 So.2d 40 (Fla. 4th DCA 1987); Penland v. Penland, 442 So.2d 1054 (Fla. 1st DCA 1983).
The trial court awarded attorney fees below to the wife despite the fact that the wife admittedly had an equal or superi- or ability to pay those fees. See McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983). The husband’s claim for modification in this case was not “baseless litigation.” Cf. Elenewski v. Elenewski, 528 So.2d 1354 (Fla. 3d DCA 1988).
Accordingly, we affirm the trial court’s denial of modification and reverse the award of attorney fees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DAUKSCH, J., concurs.
SHARP, C.J., concurs specially in part, dissents in part with opinion.