SHARP, Chief Judge,
concurring specially, in part, dissenting, in part.
The record supports the trial court’s finding that no substantial change in circumstances had occurred sufficient to terminate or reduce the former wife’s $12,000 per year permanent alimony award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981). The modification petition was filed only eleven months after entry of the final judgment.
Taking the evidence of the former wife’s witnesses most favorably to her position, she is now earning (net) approximately $12,300 per annum, in Germany, from her job in a furniture factory. The trial court stated that in the dissolution case it had imputed $20,000 to $25,000 income to the wife in setting the permanent alimony, considering her age and good health. Thus, earnings in this range were anticipated. See Kreiser v. Kreiser, 505 So.2d 40 (Fla. 4th DCA 1987).
*710 The former husband argued the wife s earnings in German marks was worth considerably more than her witnesses testified, given the relative drop in value of the U.S. dollar against the mark. However, by the same token, the value of the wife’s permanent alimony, which was paid in dollars, had diminished by the same relative amount. The trial court was justified in treating the currency issue as a “wash.”
It was also argued that the former wife now had $96,000 in a money market account, which she did not have at the time of the dissolution. However, that amount represents the proceeds of the former wife’s share of the marital residence after its sale. The former husband also received a share of the sale proceeds except that his share exceeded hers by $20,000. The sale and sharing of these proceeds was clearly contemplated by the prior dissolution judgment, and by definition, does not constitute a “change in circumstances.”
The court also noted that it had not awarded the former wife any portion of the former husband’s substantial military pension (some $30,000 per year), which was partially earned during the parties’ twelve-year marriage. It implied that the permanent alimony award was partially justified by this circumstance. Failure to consider the military pension as a marital asset would be error today.[1] In my opinion, this may serve as a basis to require a high degree of proof that a substantial change in circumstances has occurred, before permitting a reduction in the alimony award.
Finally, I disagree that the $2,400 award to the wife for a portion of her attorney’s fees in defending this suit should be reversed. She is not completely without resources to pay a reasonable attorney’s fee, but the former husband has a much greater income than she at the present time. See Canakaris; McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983). The former husband’s gross income exceeds $100,000 ($70,000 as an engineer with McDonald Douglas, and $30,000 in military pension, with additional sums for interest or cash accounts). Taking the former wife s witnesses as accurate, her total net income did not exceed $30,000 per year. Further, the award here is partial only. She will be required to dip into her capital resources to defend this suit to a degree deemed equitable by the trial court. I would affirm.

. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), and the new equitable distribution statute effective October 1, 1988. § 61.075, et. seq.