554 So.2d 1196 (1989)
Margaret A. ALLISON, Appellant,
v.
Edgar L. ALLISON, Appellee.
No. 89-728.
District Court of Appeal of Florida, First District.
December 15, 1989.
Rehearing Denied February 2, 1990.
*1197 Charles J. Kahn, Jr. and David H. Levin of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellant.
Stephen S. Poche of Cotton, Wesley, Poche & Gates, Shalimar, for appellee.
JOANOS, Judge.
Margaret A. Allison has appealed from an order modifying a final judgment of dissolution of marriage to reduce an award of permanent periodic alimony. She has also appealed that portion of the order requiring her to pay her own attorney's fees. Edgar L. Allison has cross-appealed, alleging that the reduction of permanent periodic alimony was insufficient. Under the facts herein, we affirm.
Appellee is employed as an investment counselor and, prior to entry of the final judgment herein, specialized almost exclusively in the sale of tax shelters. At the March 1986 final hearing, appellee expressed concern to the trial court over the possible ill effects on his then-considerable income of the Tax Reform Act of 1986. However, the specific effect on appellee's income was not then known.
There followed a delay of approximately seven months before the October 1986 final judgment, the pertinent portion of which awarded appellant permanent periodic alimony of $3000 per month. Appellee had by this time a clearer picture of the effect of the Act on his income, i.e. its virtual elimination of tax shelters as a profitable investment, and had filed a motion to re-open the case in July 1986 so that such evidence could be presented. The motion to re-open was heard after entry of the final judgment, along with a motion for rehearing. Both were denied, and the final judgment was affirmed on appeal. Allison v. Allison, 514 So.2d 59 (Fla. 1st DCA 1987). A motion for modification alleging this adverse effect on appellee's income was also filed, but the trial court did not rule thereon.
After the final judgment was affirmed, appellee filed the instant motion for modification. He reiterated that the Act had eliminated tax shelters as a good investment, reducing his ability to sell them. The motion was heard in January 1989, where appellee presented testimony that, because of the Act, there was no longer any market for the tax shelters from the sale of which he had formerly made his living. The trial court thereafter entered its order granting modification in that "husband's selling or marketing skills have diminished due to occurrences outside his control substantially affecting his financial ability to respond to alimony payments at the current level." The permanent periodic alimony award was thereupon reduced to $2400 per month, and wife was required to bear her own attorney's fees.
Appellant alleges first that the trial court erred in granting modification, citing the well-established principle that alimony may not be modified for anticipated changes in circumstances, including an anticipated reduction in the paying spouse's *1198 income. Penland v. Penland, 442 So.2d 1054, 1055 (Fla. 1st DCA 1983); DePoorter v. DePoorter, 509 So.2d 1141, 1145 (Fla. 1st DCA 1987). She points out that husband raised the possible ill effects of the Act prior to entry of the final judgment, so that the reduction of income alleged in the motion for modification was anticipated, and cannot now form the basis for modification. We cannot agree.
A close review of the record herein reveals that, although the husband expressed concern at the final hearing that his income might be adversely affected by the Act, it was not known or alleged that the primary source of that income, i.e. the sale of tax shelters, would be virtually eliminated thereby. While appellee attempted to raise this circumstance after the final judgment by way of motions to re-open and for rehearing, he was not permitted to do so. A possibility that income will decrease is not knowledge that it will do so. See Penland, supra (modification error when, at the entry of the final judgment, the parties knew that income would later decrease). Therefore, we cannot say that the income reduction presented herein was "anticipated" so as to bar the modification of the final judgment.
The appellant further alleges that the trial court erred in requiring her to pay her own attorney's fees. Again, we disagree. Where the one spouse has equal or superior ability to discharge her or his own debt for her own fees, the other spouse will not be required to pay them. McIntyre v. McIntyre, 434 So.2d 61, 62 (Fla. 5th DCA 1983). Here, the financial affidavits of the parties reflect only a small disparity in monthly income, and the wife did not argue below and does not argue herein, that payment of her attorney's fees will constitute an economic hardship to her. See Kuse v. Kuse, 533 So.2d 828 (Fla. 3d DCA 1988) (failure to award fees to the wife held error where the husband's monthly income was triple that of wife's, and the wife could not pay the fee without selling the marital home). This portion of the trial court's order is also affirmed.
Appellee alleges on cross-appeal that the trial court's reduction of the permanent periodic alimony award was insufficient. We do not address this issue, treating it as abandoned based on appellee's failure to present any argument relative thereto in either his initial or reply brief.
Affirmed.
ERVIN and BARFIELD, JJ., concur.