557 So.2d 942 (1990)
William R. BENEKOS, Appellant,
v.
Frances BENEKOS, Appellee.
No. 89-02165.
District Court of Appeal of Florida, Second District.
March 9, 1990.
*943 Jack Wm. Windt, Sarasota, for appellant.
Kevin P. Smith of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for appellee.
THREADGILL, Judge.
William R. Benekos (the husband) appeals from a final judgment dissolving his marriage to Frances Benekos (the wife). We affirm in part and reverse in part.
The final judgment of dissolution awarded the wife primary custody of the three minor children. She also received the marital home, the parties' pretzel and lottery business, an automobile, jewelry, an IRA, household furnishings, and other miscellaneous assets. The husband was awarded the accounting business, an automobile, an IRA and other miscellaneous assets. The husband was ordered to pay child support, permanent periodic alimony, lump sum alimony and the wife's attorney's fees and costs. We find no error in the award of alimony to the wife or in the distribution of marital assets, and affirm those provisions of the final judgment. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We conclude, however, that the trial court abused its discretion in requiring the husband to pay the wife's attorney's fees and costs.
The husband contends, and we agree, that when the trial court has made a truly equitable distribution of marital assets, it is inequitable to diminish the award by requiring him to pay litigation costs of the wife where both have substantially equal ability to pay. Smith v. Smith, 495 So.2d 229 (Fla. 2d DCA 1986); McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983). Here, the wife received a greater share of the marital assets and, considering her earnings, child support, permanent periodic alimony and lump sum alimony, she has the greater income. Compare Blackburn v. Blackburn, 513 So.2d 1360 (Fla.2d DCA 1987) (no abuse of discretion to order husband to pay wife's attorney's fees and costs notwithstanding equitable distribution where husband had greater net worth, longtime record of income production, and superior earning ability).
The wife here has substantially the same ability to pay her attorney as did the husband; therefore, the award of attorney's fees to the wife constitutes an abuse of discretion. Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985).
We reverse the award of attorneys' fees and costs to the wife. We affirm the final judgment in all other respects.
Affirmed in part; reversed in part.
SCHOONOVER, A.C.J., and PARKER, J., concur.