583 So.2d 1078 (1991)
Joan M. GREELEY, Appellant,
v.
Donald J. GREELEY, Appellee.
No. 90-2880.
District Court of Appeal of Florida, First District.
July 12, 1991.
*1079 Thomas W. Lager of Lager & O'Steen, P.A., Tallahassee, for appellant.
Frank E. Sheffield, Tallahassee, for appellee.
NIMMONS, Judge.
The appellant/former wife appeals from a final judgment dissolving her marriage to the former husband. We affirm in part and reverse in part.
The former husband and wife were married for 30 years, during which time the former wife's primary responsibilities were to raise the parties' three children, who have now attained the age of majority. The former husband retired from the New York State Police after 24 years and is currently employed by the State of Florida earning approximately $50,000 annually. The former husband also receives retirement benefits from the State of New York on a monthly basis of $1,093.34, net. The former wife, age 54 at the time of the final hearing, has a fifth grade education, and has a high school equivalency degree. The former wife has enrolled in a local community college and is taking courses, but has not articulated any concrete goals to establish financial independence, although she has expressed a desire to become self-supporting.
The final judgment awarded the former wife $600 per month permanent periodic alimony and $400 per month rehabilitative alimony for five years. The appellant was also awarded exclusive use and possession of the parties' marital home for five years during which time the former husband would be responsible for payment of the mortgage, taxes, and any major repairs, and the former wife would be responsible for the monthly expenses such as utilities, phone, any minor repairs and maintenance. At the end of five years, the home is to be sold and the proceeds divided, with the former husband receiving an additional $25,000 from the net proceeds of the sale based on a special equity he established in the home.
It is well settled that it is within a trial court's discretion to establish the amount of alimony to be awarded, and the award will not be disturbed on appeal if reasonable men could differ as to the propriety of the action taken by the trial court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We believe reasonable men could not differ as to the amount of alimony awarded the appellant.
In McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), the former wife was awarded $500 per month permanent alimony and $500 per month rehabilitative alimony following the dissolution of the parties' 24-year marriage. The former wife was also awarded the use and occupancy of the marital home for five years, during which time the former husband was to pay the mortgage and taxes. At the end of that five-year period, the house was to be sold and the proceeds equally divided. The court noted that the 48-year-old former wife contributed to the early success of her husband's career as a physician, enjoyed a high standard of living, bore her husband four children, and will need financial assistance at the end of five years. The court found that based on the former *1080 wife's age and level of earning experience, she would most likely be able to earn only a very modest income. Accordingly, the trial court's award of rehabilitative alimony was cancelled, and the court increased the permanent periodic alimony from $500 to $1,000 per month for five years and after the house was sold the former husband would be required to increase the permanent periodic alimony payment to $1,500 per month. If either party's circumstances significantly changed, the award could be reviewed by the trial court.
The trial court's award of alimony in the case at bar was similar to that in McAllister, supra, and based on the record, we find it to be insufficient. Although the former wife expressed hope that she could avoid being dependent on the support of her former husband, the facts clearly show that the former wife has no marketable skills, and even though she hopes to earn a college degree, she will be approximately 60 when she graduates with virtually no practical experience. Accordingly, we reverse and direct the permanent periodic alimony to be increased to $1,000 and cancel the award of rehabilitative alimony. If the former wife, over the next several years, does manage to achieve a degree of financial success, the former husband can petition for modification.
The trial court also denied the former wife's petition for attorney's fees and costs. Section 61.16, Florida Statutes (1989), permits a court to order a party to pay the other party's reasonable attorney's fees, suit money and costs. The purpose of this section is to ensure each party a similar ability to secure competent counsel and to litigate issues presented in the dissolution proceedings. Smith v. Smith, 495 So.2d 229 (Fla. 2d DCA 1986).
In Kissinger v. Mason, 436 So.2d 1049 (Fla. 1st DCA 1983), this court held that an award of attorney's fees depends upon the relative financial resources of the parties and not upon who prevails at trial. In the case at bar, the record shows that the former husband has a monthly income of over $4,000 and the former wife has no income other than what she receives as alimony. Based on the former husband's superior financial position to pay the former wife's attorney's fees, we find that the trial court's denial of the motion for attorney's fees and costs cannot be sustained, and we remand for a determination of an appropriate amount.
We have examined the remaining issues raised by the appellant and find them to be without merit.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
BOOTH, J., and WENTWORTH, Senior Judge, concur.