PER CURIAM.
We find that the reconciliation of the parties has no impact upon the wife’s attorney’s right to compensation or upon the husband’s obligation to pay these fees if he has a superior financial position. See Hadlock v. Hadlock, 137 So.2d 873 (Fla. 2d DCA 1962). Moreover, based on the husband’s superior financial position to pay the wife’s attorney’s fees, see Greeley v. Greeley, 583 So.2d 1078 (Fla. 1st DCA 1991); Terreros v. Terreros, 531 So.2d 1058 (Fla. 3d DCA 1988); Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987), we find that the trial court erred in denying the wife’s petition for attorney’s fees and costs.
We remand this cause to the trial court with directions to grant the wife’s petition for attorney’s fees and costs and to conduct a hearing to determine an appropriate amount of attorney’s fees and costs.
Reversed and remanded for further proceedings.