648 So.2d 177 (1994)
Stuart B. KOVAR, Appellant,
v.
Rochelle KOVAR, Appellee.
Nos. 93-1180, 93-2183.
District Court of Appeal of Florida, Fourth District.
December 14, 1994.
Rehearing Denied January 30, 1995.
*178 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, and Howard Hochsztein of Howard Hochsztein, P.A., Tamarac, for appellant.
Thomas N. Wells of Thomas N. Wells, P.A., Lauderhill, for appellee.
BARR, ROBBIE M., Associate Judge.
By this appeal, the husband challenges the trial court's final judgment which imputed to him a yearly income of $40,000, distributed marital assets, and awarded the petitioner wife permanent monthly alimony, lump sum alimony, and attorney's fees and court costs. We affirm except as to the award of attorney's fees and court costs.
The parties spent most of their 33-year marriage in New York, establishing a comfortable standard of living with the husband, an electrical engineer, as the primary provider. Ultimately, they decided to semi-retire in Florida. After moving to Florida in April, 1991, the husband informed his wife, still in New York, that he wanted a divorce. His wife nevertheless moved to Florida in what proved to be a futile attempt to salvage their marriage. At the time of the final judgment, the husband, who had an income of $90,000 in 1990, was earning only $20,640 and was making only modest attempts to obtain a higher paying job. His relatively unskilled wife was earning approximately $5,000 per year, having left a $25,000 per year waitressing job in New York. The husband paid his wife no support during the seventeen months between his announcement that he wanted a divorce and the final judgment.
The trial court specifically found:
[T]hat the husband is capable of earning more than he is presently earning and that he has failed to use his best efforts to secure more profitable employment. The husband has the ability to remedy this situation. The husband can, through more diligent and bona fide efforts, find more significant employment. The husband is currently and voluntarily underemployed. The court specifically finds that the primary reason for the husband's underemployment is his expressed desire not to seek additional and better employment if it would increase his ability to pay his wife of 33 years support for her needs and expenses.
Accordingly, the trial judge imputed an annual income of $40,000 and awarded the wife $1,500 per month permanent alimony.
The trial court also awarded the husband assets valued at $118,428, the wife assets valued at $82,940, and  out of a remaining $171,381 joint investment (reduced by a $25,000 withdrawal shared equally by the parties)  awarded the wife $35,489 to "equalize the disparity between the parties' retained assets." The court then awarded the wife half of the remaining balance, plus an additional $40,000 "lump sum" allocation. Finally, in a postjudgment decree, the court ordered the husband to pay the wife's remaining attorney's fees and court costs.
The trial court's imputation of income is supported both by law and the evidence presented. When a husband obligated to pay support voluntarily reduces his income, the trial court has discretion to impute to him the income he is capable of earning. Work v. Provine, 632 So.2d 1119, 1122 (Fla. 1st DCA 1994); Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). It hardly bears repeating that in reviewing the trial court's discretion, this court will only disturb those rulings which fail to satisfy the general test of reasonableness. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). The record in this case reflects competent substantial evidence upon which the trial court could reasonably have concluded that the husband could earn $40,000 a year. The husband had earned $90,000 the year before *179 moving to Florida, and well over $40,000 annually for the decade preceding the move. Although he did not voluntarily terminate his employment in New York, once he moved to Florida, the husband sent out few resumes, went on few interviews, and worked fewer than 30 hours per week. He also testified that he did not want to earn more money if his wife would benefit from his labor. Therefore, it was well within the trial court's discretion to impute such an income.
Nor did the award of $1,500 monthly in permanent alimony represent an abuse of the trial court's discretion. Each case's resolution depends on its individual facts. Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990). In determining the award of alimony, the court below properly considered all relevant factors, including the financial resources of the parties, and all sources of income available to either party. See § 61.08(d), (g), Fla. Stat. (1991). The husband argues the alimony award here was excessive when added to the $730 the court ordered him to pay monthly toward the mortgage and maintenance of the Florida residence. That obligation ended, however, in fewer than two years when that property was sold. Thereafter, the alimony award represented 57% of the husband's net monthly imputed income. The short-term nature of the mortgage obligation renders dubious the husband's calculation of what percentage of his income the support award represented. See Pastore v. Pastore, 497 So.2d 635 (Fla. 1986) (alimony obligation of 66.7% of net monthly wage does not "shortchange" husband). Considering the wife's limited earning capacity, as well as the husband's earning potential and cash reserves, we cannot conclude that the trial court abused its discretion in its permanent alimony determination.
Nor did the trial court err in awarding the wife a lump sum of $40,000 after equally dividing the marital assets between the parties. In this district, the general rule has been that the marital assets should be distributed equally unless there is justification for disparity in treatment. Bobb v. Bobb, 552 So.2d 334, 335 (Fla. 4th DCA 1989). A justification for disparate treatment need only comport with reason and logic, so long as the distribution does not allow one spouse to fall from prosperity to misfortune, but is grounded in basic fairness. Canakaris, 382 So.2d at 1204; Marcoux v. Marcoux, 464 So.2d 542, 544 (Fla. 1985). Section 61.075(1), Florida Statutes, allows the court to consider "any other factors necessary to do equity and justice between the parties when equitably distributing marital assets."
The final judgment on its face appears to us to comport with reason and logic, and does not obviously run afoul of Marcoux's fairness requirement:
This additional lump-sum allocation to the wife is justified after taking into consideration the duration of the marriage and the economic circumstances of the Parties. It is specifically found that the Wife's employment, career and opportunities have been interrupted resulting in a significant financial detriment to her reflected in the loss of her New York job and her inability to secure similar employment in Florida. At the Husband's request, the New York home was sold and the Wife terminated her New York job and her relationship with her family, friends and environment. The Wife's actions were based upon the anticipation of resuming her marriage and lifestyle in Florida, however, these plans were shattered upon the Husband's announcement that he wanted a divorce. Furthermore, the Husband testified that he is not motivated to seek additional more profitable employment to support his Wife.
We must, however, respectfully conclude that the trial court did abuse its discretion in awarding the wife attorney's fees and court costs. The principal criterion for an award of attorney's fees in a marital case is the relative financial resources of the parties, not just their relative incomes. Armstrong v. Armstrong, 623 So.2d 1216, 1218 (Fla. 4th DCA 1993). See Chandler v. Chandler, 624 So.2d 855 (Fla. 4th DCA 1993). Once the trial court equitably distributed the marital assets and awarded the wife the $40,000 lump sum and $1,500 monthly permanent alimony, the parties were placed in substantially equal financial positions; thus, fees and *180 costs should not have been awarded. Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Ball v. Ball, 554 So.2d 629 (Fla. 4th DCA 1989) (trial court abused its discretion by awarding attorney's fees when the award of alimony, equitable distribution, and a requirement that the husband pay joint debts leaves the parties with substantially equal resources).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GUNTHER and STEVENSON, JJ., concur.