WHATLEY, Judge.
The appellant, Louis M. Gill, the husband in this marital dissolution case, contends the trial court abused its discretion in awarding the appellee wife, Aurelia M. Gill, permanent periodic alimony, more than one-half of the parties’ marital assets, and $5,000 in attorney’s fees. While we find there is no error as to the distribution of marital assets or the award of permanent alimony, we conclude the trial court did abuse its discretion in ordering the husband to pay a portion of the wife’s attorney’s fees. We, therefore, reverse on that issue only.
“When the trial court has made a truly equitable distribution of marital assets, it is inequitable to diminish the award by requiring one party to pay the other’s fees where both have substantially equal ability to pay.” Murray v. Murray, 598 So.2d 310, 312 (Fla. 2d DCA 1992); Brown v. Brown, 572 So.2d 535, 536 (Fla. 2d DCA 1990); Benekos v. Benekos, 557 So.2d 942, 943 (Fla. 2d DCA 1990); and cases cited therein. An award of attorney’s fees under such circumstances constitutes an abuse of discretion. Mwiray; Brown; Benekos.
In the instant case, the trial court distributed to the wife fifty percent or more *1271 of the parties’ marital assets. The wife was further awarded fifty percent or more of the ■husband’s gross monthly income as permanent periodic alimony. Since, under these circumstances, the wife has an ability equal to, if not greater than, the husband to pay her attorney, the trial court abused its discretion in ordering the husband to make any contribution to the payment of the wife’s attorney’s fees.
Accordingly, we reverse the award of attorney’s fees to the wife. The final judgment of dissolution, however, is affirmed in all other respects.
Affirmed in part; reversed in part.
PARKER, A.C.J., and BLUE, J., concur.