PER CURIAM.
Appellant/wife appeals that portion of the amended final judgment denying her attorney’s fees and costs in her dissolution action. We reverse paragraph four and remand with direction.
The parties were married nearly twenty years and have two minor children, both of whom have special medical needs. Although the wife has a degree in elementary education, throughout the marriage she worked as a homemaker. The husband is a successful attorney and name partner at his firm.
After more than a year of expensive litigation, the parties were able to verbalize to the trial court at final hearing the terms of the settlement they had reached, which did not include any portion of the wife’s attorney’s fees and costs.
Because the parties had divided the marital assets equally, the trial court erroneously concluded that he had no discretion to award attorney’s fees to a party, even though the husband’s earning capacity was substantially greater. This court has taken into consideration both income and relative earning abilities of the parties when deciding whether or not a fee award was warranted. See, e.g., Giovanelli v. Giovanelli, 654 So.2d 154 (Fla. 4th DCA 1995) (given apparent disparity in income, trial court erred in not awarding fees and costs to wife); Reich v. Reich, 652 So.2d 1200 (Fla. 4th DCA 1995) (wife should not have been ordered to pay part of fees given disparity between husband’s and wife’s present and future earning abilities and present assets); Kovar v. Kovar, 648 So.2d 177, 179 (Fla. 4th DCA 1994) (“The principal criterion for an award of attorney’s fees in a marital case is the relative financial resources of the parties, not just their relative incomes." (emphasis added)); Margulies v. Margulies, 645 So.2d 54 (Fla. 4th DCA 1994) (trial court erred in awarding wife only half of her fees, despite equitable distribution and permanent periodic alimony, where substantial disparity in actual income and earning capacity of husband and wife existed); Pfeifer v. Pfeifer, 616 So.2d 1190 (Fla. 4th DCA 1993) (reverse denial of fees and costs to wife where substantial disparity of incomes); see also Cortez v. Cortez, 625 So.2d 965 (Fla. 5th DCA 1993) (trial court directed to award wife fees due to disparity in income and relative earning capacities); Blackburn v. Blackburn, 513 So.2d 1360 (Fla. 2d DCA 1987) (no abuse of discretion to award fees and costs where equitable distribution, but husband had greater net worth, income record and earning ability).
On remand, the trial court is directed to determine entitlement; and if entitlement is established, then to make an appropriate award based upon the facts as they were presented to the trial court at final hearing. As this court has observed, each of these dissolution eases turn on their individual facts. See Kovar, 648 So.2d at 179; Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA *220 1990). In another case, it may be more appropriate to permit additional evidence to determine entitlement based on the facts as they are established after reversal of the denial; but not here.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.