FREEMAN, T.G., Associate Judge.
The single issue for review is the Husband’s appeal of the requirement that he pay 80% of the Wife’s attorney’s fees and costs after the distribution of marital assets and marital liabilities. We agree and reverse.
The trial court divided the marital assets between the parties by giving 59% of the marital assets or $262,000 to the Wife. In addition, the Wife received $3,000 per month as permanent periodic alimony, which constituted more than 50% of the Husband’s disposable income. Further, the Husband was ordered to pay $1,632.54 in monthly child support, provide health care and major medical insurance for the children and purchase a $150,000 life insurance policy to secure child support.
With regard to marital liabilities, the Husband was required to pay all outstanding marital liabilities with the exception of the mortgage payment on the marital home, the sole ownership of which was awarded to the Wife. The lower court’s division of the spouses’ total income provides the Wife with a much superior net income. To require the Husband to pay 80% of the Wife’s attorney’s fees in addition to this unfavorable allocation of marital assets and liabilities is an abuse of discretion. Gill v. Gill, 652 So.2d 1270 (Fla. 2d DCA 1995); Kovar v. Kovar, 648 So.2d 177 (Fla. 4th DCA 1994); Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994).
This court has consistently held that when equitable distribution of the marital assets has been achieved, each party should be required to pay their own attorney’s fees. See Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994); Blankenship v. Blankenship, 502 So.2d 1002 (Fla. 5th DCA 1987); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1984).
*659 We reverse and remand to the trial court to set aside the award of attorney’s fees and costs.
REVERSED and REMANDED.
GOSHORN and THOMPSON, JJ., concur.