793 So.2d 1109 (2001)
Joseph Edwin BRONSON, Appellant,
v.
Susan R. BRONSON, Appellee.
No. 4D00-2454.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
*1110 Ronald M. Hand, Kissimmee, for appellant.
No appearance for appellee.
PER CURIAM.
Joseph Bronson appeals from a final judgment of dissolution of marriage. We affirm, but remand for correction of the final judgment.
The parties were married in 1975, in Osceola County. They resided in Okeechobee County at the time of the dissolution. On November 6, 1998, appellee filed a Petition for Dissolution of Marriage. At the time of the final hearing, their two children, ages 24 and 25, lived with appellee, as did the parties' granddaughter. Appellee is the sole caretaker of the parties' adult son, who became permanently paralyzed after he received an injury in an automobile accident. The son receives a disability income of approximately $650.00 per month. The daughter, at the time of the final hearing, was contributing $50.00 per week to appellee, but planned to move with her child by September 1, 2000.
Appellant worked for U.S. Sugar Corporation from November, 1989 until March 30, 2000. Prior to the dissolution, he earned in excess of $41,000 per year supervising a harvest crew of twenty-one. Appellant testified that he was terminated from this employment because he "couldn't" go to work or concentrate on his duties due to his family's unwillingness to associate with him. Although counseled by his employer on March 28, 2000 about his absenteeism, appellant reported for work only two more days and did not return after March 30, 2000. By his own admission, he also did not contact his employer to advise that he would be absent, despite his knowledge that failure to notify the employer regarding an absence violated company policy. Appellant admitted that before his termination letter was mailed to him, he had already made arrangements to have his mail forwarded from his current residence in Canal Point to St. Cloud. Appellant then moved to St. Cloud to live with his mother. He began fishing to earn a living and earned an average of $200 a week. According to appellant, he had been job-hunting, but it was difficult to find a better paying job.
Appellant contends that the trial court abused its discretion when it imputed income to him based on a job from which he had been terminated. Appellant also contends that the trial court erred when it awarded permanent periodic alimony to the former wife without evidence of a need for that amount of alimony. Finally, he *1111 argues that the final judgment contains mathematical errors.
The trial court was free to accept or reject appellant's testimony concerning the termination from his employment and his attempts to obtain employment consistent with his previous job. In this case, the trial court found that appellant had caused his termination of employment and imputed an annual income of $42,000 to appellant consistent with his former employment at U.S. Sugar Corporation. In reviewing the trial court's discretion, we will disturb only those rulings that fail to satisfy the general test of reasonableness. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We conclude, on the record before us, that the evidence presented at the final hearing supports the trial court's findings of fact and rulings as a matter of law.
A claim that a spouse has arranged his financial circumstances so as to avoid paying the payee spouse is a valid matter to be considered by the trial court in determining the payor's real ability to pay. See Smith v. Smith, 737 So.2d 641, 644 (Fla. 1st DCA 1999). In the present case, the record supports the trial court's imputation of income to appellant, and that the trial court did not abuse its discretion in its award of permanent periodic alimony to appellee. See Hayden v. Hayden, 662 So.2d 713 (Fla. 4th DCA 1995).
Where a former husband has an ability to earn if he so desires, the trial judge should impute an income to him according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony as if the husband were in fact earning the income so imputed. In such a situation, an award of alimony entirely exhausting the husband's actual income may be a proper exercise of the trial court's discretion. Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). See also Avery v. Avery, 548 So.2d 865 (Fla. 4th DCA 1989).
Id. at 716. See also Kovar v. Kovar, 648 So.2d 177 (Fla. 4th DCA 1994). In Kovar, this court held that "[w]hen a husband obligated to pay support voluntarily reduces his income, the trial court has discretion to impute to him the income he is capable of earning." Id. at 178.
Next, we hold that appellant has not demonstrated that the trial court abused its discretion in the amount awarded as permanent periodic alimony. The trial court calculated the amount of the permanent periodic alimony award after considering the statutory factors set forth in section 61.08, Florida Statutes (1997). It determined that the wife's needs included living expenses of $1,651 per month, excluding one-half of the mortgage payment of $370 per month, plus credit card payments totaling $150 monthly, for a total of $2,171 per month. The amount does not include payment of non-marital debts. The record supports the trial court's determination that appellant can afford to pay, over and above his one-half of the mortgage payment, the sum of $1,000 per month as spousal support.
Finally, appellant claims that the final judgment contains mathematical errors. We agree to the extent that the $1,918 referred to by the trial court represents the amount of appellant's monthly expenses, rather than his "net available funds," as characterized in the final judgment. It is apparent, however, that the trial court properly considered this amount as expenses when it computed appellant's support obligation to appellee.
Accordingly, we affirm the final judgment in all respects, but we remand this *1112 cause to the trial court with instructions to correct the clerical error in the judgment.
AFFIRMED and REMANDED.
DELL, WARNER and TAYLOR, JJ., concur.