WARNER, J.
The former wife seeks reversal of an order denying her an award of attorney’s fees in this marital dissolution case. The court equally divided the marital assets, and while the former husband’s income was about double that of the former wife, she is an attorney whom the court felt was underemployed. Given the entire record, we cannot say that the court abused its discretion. See Carlson v. Carlson, 719 So.2d 936, 936 (Fla. 4th DCA 1998); McIntyre v. McIntyre, 434 So.2d 61, 62 (Fla. 5th DCA 1983).
Contending that the former husband’s litigiousness caused additional fees, the former wife argues that the court abused its discretion in failing to award fees based on Rosen v. Rosen, 696 So.2d 697 (Fla.1997). However, at the final hearing on the dissolution, the trial court indicated that both parties participated in vexatious litigation. Application of Rosen is an issue particularly within the trial court’s discretion, and no abuse of that discretion has been shown. See id. at 700.
Finally, the former wife complains about the trial court’s exclusion of a summary statement of evidence for the one day of trial that was not reported by a court reporter. The former wife raises no issue regarding the final hearing in this appeal from an order awarding attorney’s fees. The exclusion of the statement should have been raised in her appeal of the final judgment, if at all. In this appeal, the issue is moot.
Affirmed.
FARMER and TAYLOR, JJ., concur.