871 So.2d 985 (2004)
Sandra JOSEPH, Appellant,
v.
Mark JOSEPH, Appellee.
No. 4D03-1331.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
Evan H. Baron of Baron & Schantz, P.A., Weston, for appellant.
Felix F. Saborio of Zimmerman, Joseph & Bayne, P.A., Tamarac, for appellee.
*986 FARMER, C.J.
We reverse a final order modifying child support. The issue on appeal is whether the trial court abused its discretion in ordering a decrease in child support from $826 to $400, without making any findings and conclusions to explain its ruling. Without explicit findings as to the parties' respective incomes, and explicit legal conclusions as to how the court decided that a reduction was required and an explanation as to how the court calculated the modified amount of child support, the outcome seems arbitrary, especially as it reduced the father's support obligation by more than fifty percent.
As this court held in Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994):
"While we give full weight to the exercise of the trial court's sound discretion, the only way to evaluate its discretion is for the trial court to make explicit findings either on the record or by written order. The child support statute mandates this and meaningful appellate review requires it."
636 So.2d at 869; see also Deoca v. Deoca, 837 So.2d 1137 (Fla. 5th DCA 2003) (order modifying child support payments failed to include finding as to amount of income used to calculate child support, and thus remand was necessary for purpose of making such finding).
We therefore reverse for the entry of an order making explicit findings and conclusions to enable us to review the order. Because of the amount of time elapsing since the evidentiary hearing, the trial court is authorized to receive additional evidence updating the critical facts.
GUNTHER and GROSS, JJ., concur.