922 So.2d 368 (2006)
Jose F. VAZQUEZ, Appellant,
v.
Violeta M. VAZQUEZ, Appellee.
No. 4D04-4451.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
*369 Rosanna Ferrari and Matthew S. Nugent of the Law Office of Matthew S. Nugent, North Palm Beach, for appellant.
Jeffrey S. D'Amore of D'Amore Law Firm, P.A., West Palm Beach, for appellee.
PER CURIAM.
Appellant, the husband, appeals the trial court's denial of his petition for modification of alimony and child support. We affirm because the trial court did not abuse its discretion in finding that the husband was voluntarily underemployed and in imputing income to him.
In November 2002, a Final Judgment of Dissolution of Marriage was entered dissolving the parties' long-term marriage of approximately twenty years. At the time of the dissolution of marriage, the husband was employed as a structural engineer for the Florida Power and Light Company in the nuclear engineering department and was earning a net monthly income of $6,245. In addition to his structural engineering background, the husband also has a civil engineering degree, a general contractor's license, a professional engineer's license, and a master's degree in business administration. The wife had been employed at Florida Power and Light for twenty-two years as an administrative assistant, and at the time of the dissolution of marriage, was earning a net monthly income of $2,451. The final judgment designated the wife primary custodian of the minor children, and the husband was ordered to pay child support in the amount of $1,275 per month. The husband was also ordered to pay the wife permanent periodic alimony in the amount of $1,000 per month.
In March 2003, the husband was terminated from his position at Florida Power and Light for sending an e-mail to his wife containing offensive and threatening text in violation of two Florida Power and Light policies that prohibit employees from using the company e-mail to discuss personal business. The husband had been warned on three prior occasions about using Florida Power and Light equipment for his personal business and had been disciplined for violating the company's e-mail policy in June 2002. At the trial on his petition for modification, the husband admitted that he sent the inappropriate e-mail in violation of two company policies. Following his termination, the husband sought employment as a structural engineer through the unemployment office and job sites on the Internet, went on several job interviews, and sent resumes, but he never went in person to apply for a job. After six months of searching, he began a private practice as a professional engineer.
Consequently, in April 2003, the husband filed a petition for downward modification of alimony and child support alleging that a permanent, substantial, material, and involuntary change in circumstances had occurred since the entry of the final judgment so as to support a modification of alimony and child support. The husband alleged that he was involuntarily terminated from his employment with Florida Power and Light, that there are no employment opportunities for civil engineers in Palm Beach *370 County, and as a result, he began a private practice as a professional engineer. According to the husband, he will now earn substantially less income than he earned at Florida Power and Light, with a potential income between $35,000 and $45,000.
Nevertheless, the trial court denied the husband's petition for modification of alimony and child support and imputed $5,650 per month in income to him, an amount less than his previous monthly income of $6,245 at Florida Power and Light. The court found that the husband's termination from his employment at Florida Power and Light was voluntary, and following his termination, the husband did not make a good faith effort to obtain comparable employment to meet his child support and alimony obligations. Rather, the court determined that the husband voluntarily chose to start his own business, and therefore did not suffer an involuntary and permanent reduction in his income.
On appeal, the husband argues that the evidence at trial showed that he was terminated against his will from Florida Power and Light, and therefore, the trial court erred when it found that he was voluntarily underemployed. The husband also argues that, contrary to the trial court's findings, his underemployment did not result from the pursuit of his own interests. Rather, he made a bona fide effort to find other employment comparable to his position at Florida Power and Light, but after six months of searching, when he was unable to find comparable employment, he started his own business. Finally, the husband contends that the trial court erred when it imputed income of $5,650.00 without setting forth the amount and source of the imputed income.
The standard of review for an order denying modification of a support obligation is whether the trial court abused its discretion. Joseph v. Joseph, 871 So.2d 985 (Fla. 4th DCA 2004). In considering the imputation of income, the trial court's findings must be supported by competent substantial evidence. Artuso v. Dick, 843 So.2d 942 (Fla. 4th DCA 2003).
We recently held that although a trial court is free to determine the credibility of witnesses, restraints on the imputation of income exist in the form of a two-step analysis. Konsoulas v. Konsoulas, 904 So.2d 440, 444 (Fla. 4th DCA 2005). First, the trial court must determine that the termination of income was voluntary; second, the court must determine whether any subsequent underemployment "resulted from the spouse's pursuit of his own interests or through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received." Id.
Under the facts of this case, we hold that the trial court did not abuse its discretion in finding that the husband's termination of employment from Florida Power and Light was voluntary and his subsequent employment efforts were less than diligent. We agree with the trial court that the husband's termination was voluntary because it was caused by his own deliberate repeated misconduct. This case is similar to Bronson v. Bronson, 793 So.2d 1109, 1111 (Fla. 4th DCA 2001), where we affirmed the trial court's decision to impute income to the husband where the trial court determined that the husband "caused his termination of employment." In Bronson, the husband was terminated for absenteeism because he refused to go to work, although he had been counseled by his employer about absenteeism. Id. at 1110. Furthermore, by his own admission, he did not contact his employer to advise that he would be absent, despite his knowledge that failure to notify *371 the employer regarding an absence violated company policy. Id.
Likewise, the husband in this case had been previously warned about Florida Power and Light's policy concerning the inappropriate use of its e-mail system. A human resources consultant for Florida Power and Light testified that the husband had been warned on three prior occasions about using Florida Power and Light equipment for his personal use and had been disciplined for violating the company's e-mail policy in June 2002. The husband admitted at trial that he had been warned about the rules of conduct and the policy concerning the e-mail system several months before sending the e-mail in question. Nonetheless, in March 2003, the husband sent the wife an offensive e-mail discussing personal matters through the Florida Power and Light system. Furthermore, although he did not expect to be fired for sending the e-mail, the husband admitted at trial that his e-mail was inappropriate, and by sending it, he violated company policy. There was also no competent substantial evidence presented to establish that the wife forwarded the e-mail to her supervisor with the intention of having the husband terminated from his position. Rather, the former wife sent the e-mail to her supervisor after he observed the wife become visibly upset upon reading the e-mail and requested that she forward the e-mail to him. The wife told her supervisor she did not want to forward the e-mail because she did not want the husband to lose his job; however, the supervisor insisted that it was company policy to send improper e-mails to human resources. Therefore, we conclude that there is competent substantial evidence in the record to support the trial court's holding that the husband's termination from his employment was voluntary.
We also agree with the trial court that the husband was voluntarily underemployed because he did not make a good faith effort to find comparable employment after being terminated, instead deciding to start his own business, a decision that has considerably limited his income. In Robinson v. Robinson, 597 So.2d 415 (Fla. 4th DCA 1992), we affirmed the trial court's denial of the husband's petition for modification of child support when the husband did not take advantage of available job opportunities, undertook only a limited job search, and voluntarily chose to become self-employed. Furthermore, in Kovar v. Kovar, 648 So.2d 177, 178 (Fla. 4th DCA 1994), we affirmed the imputation of income to an underemployed husband, finding that the husband had no desire to earn additional income to make his support payments, had sent out few resumes, and went on few job interviews.
Similarly, the husband in this case admitted that he attended only three interviews and did not go in person to apply for a job. Approximately six months prior to trial, he started his own private practice as an engineer when he was unable to find employment comparable to employment at Florida Power and Light. Although he had been terminated and rehired several times in the past by Florida Power and Light, he waited until one-and-a-half months before the hearing date to reapply. The husband also contends that his job prospects as a structural engineer are limited because his experience in nuclear power plants is "unique and specific." However, in his financial affidavit, he describes himself as a civil/structural engineer. He also has a civil engineering degree, a general contractor's license, a professional engineer's license, and a master's degree in business administration. In addition, he testified that he has experience doing combined structural engineering and construction jobs. Thus, we find that the trial *372 court's determination that the husband failed to use his best efforts to secure more profitable employment is supported by competent substantial evidence.
Upon making these findings of voluntary underemployment, we conclude that it was proper for the trial court to impute income. The purpose of requiring that a change in circumstance be involuntary to modify support is to ensure that the duty to furnish adequate support is not deliberately avoided. Florida Dep't of Revenue v. Kaiser, 890 So.2d 364, 367 (Fla. 4th DCA 2004). We also find that it was proper for the trial court to impute net income to the husband in an amount consistent with his prior employment with Florida Power and Light because his termination was his own doing. When a former husband has an ability to earn income if he so desires, the trial judge should impute an income to him according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony as if the husband were in fact earning the income so imputed. Hayden v. Hayden, 662 So.2d 713, 716 (Fla. 4th DCA 1995). There is competent substantial evidence in the record to support the trial court's decision to impute $5,560 to the husband because of an established history of earning more than $5,560 per month. Finally, contrary to the husband's argument, there is no specific set of requisite written findings required for a trial court to impute income because section 61.30(2)(b) requires the court to find only that the parent is voluntarily underemployed. Burkhardt v. Bass, 711 So.2d 158, 160 (Fla. 4th DCA 1998). While we recognize that the holding in the Burkhardt decision dealt only with calculating child support, we see no reason to decide this case differently, although it involves both alimony and child support.
For these reasons, the trial court's order denying the husband's petition for modification of alimony and child support is affirmed.
Affirmed.
GUNTHER and HAZOURI, JJ., concur.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I disagree with the majority that the employer's termination of the husband's employment amounted to a voluntary termination of income on the part of the husband.
The husband and wife both worked for Florida Power and Light; the husband had been with the company since 1981. His last job was in the nuclear engineering department, where he was making over $100,000 per year. The wife sent the husband an e-mail over the FP & L e-mail system concerning their son's medical condition. Losing his temper, the former husband responded with an e-mail to the wife "containing offensive and threatening text." The wife forwarded the e-mail to her supervisor, who sent it to the company's human resources department. Having violated two company policies, the husband was immediately suspended. Two days later the husband "made an impassioned plea for the retention of his position."[1] Nonetheless, FP & L terminated the husband for misconduct.
The husband did not set out to lose his job. There is no ongoing pattern of conduct leading to the conclusion that "a spouse has arranged his financial circumstances *373 so as to avoid paying the payee spouse...." Bronson v. Bronson, 793 So.2d 1109, 1111 (Fla. 4th DCA 2001). The commissioner's finding that it was the former husband's fault that he was fired is not the same as a voluntary termination of income. This was an involuntary termination of income.
I concur in the affirmance because the finding of voluntary underemployment turns on a credibility determination by the commissioner, which is entitled to deference on appeal.
NOTES
[1] The findings quoted in this paragraph are those of the general master.