Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SOPHIA WANDA, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of JOSEPH F. WANDA, *v.* JAMESTOWN BREWING COMPANY, Employer, Defendant, Impleaded with the CENTRAL AND WESTERN NEW YORK BREWERS AND MALSTERS MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellant.

Third Department, March 3, 1920.

**Workmen's Compensation Law — death resulting from accidental injury followed by erysipelas and pneumonia — evidence — statements of deceased as to what followed immediately after accident.**

In a proceeding under the Workmen's Compensation Law it appeared that the claimant's intestate, who had suffered a slight attack of pneumonia and had recovered therefrom in about two weeks, about a year later, while at work for his employer as helper and driver at a brewery, fell on the cement floor, striking on the back of his head, cutting a large gash; that the wound was dressed and a few days later erysipelas developed and also a second attack of pneumonia, and that about a month later he died.  On all the evidence,

*Held,* that death was caused by the accident.  The erysipelas was the result of an infection through the wound and pneumonia followed with that as one of the producing causes.

Statements by the deceased as to what followed immediately after his fall were competent.

APPEAL by the defendant, Central and Western New York Brewers and Malsters Mutual Insurance Company, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 21st day of July, 1919.

*Thrasher & Clapp [Allen E. Bargar, Lynn R. Van Vlack* and *Louis L. Thrasher* of counsel], for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

*Cawcroft & Guinnane,* for the claimant, respondent.

KILEY, J.:

Claimant's husband and father of the daughter, the other claimant, had worked for the defendant, employer, for ten or twelve years previous to February 2, 1918. In January, 1918, claimant's intestate suffered a slight attack of broncho-pneumonia which cleared up in about two weeks and he returned to work. On February 2, 1918, while at work for his employer as helper and driver at the brewery, he fell on the cement floor, striking on the back of his head, cutting a large gash. This wound was dressed by a physician, Wanda taken home and a few days later erysipelas developed, also a second attack of pneumonia, and on March 19, 1918, he died. The issue presented here is the single question of fact, was the death caused by accident or was it the result of disease unconnected with the accident? This was sharply contested before the Commission. It was in the early part of the day; the deceased was told to get a dozen-bottle case for delivering beer from a room in the brewery adjacent to the room in which he was then at work. He passed into the other room, which was fitted with an inclined floor of concrete, to permit the water to run off when the floor was flushed out or off with water. Wanda was five feet four or five inches tall, and the case he was sent after was between seven and eight feet up from the concrete floor. Claimant urges that her husband could not reach the case from the floor and take it down without stepping on something, probably putting his foot into the handle or grip opening in the side of a case at the bottom of the tier; that in so doing he slipped backwards, struck the wet floor with his feet and fell at full length to the floor, producing the wound in question. No other explanation given or attempted to be given seems reasonable as accounting for the injury. This theory, in the absence of any eye witness, is abundantly supported by the evidence. The evidence as to cause of death is equally well supported. The erysipelas was the result of an infection through the wound and pneumonia followed with that as one of the producing causes. There is no denial here of the fall of the deceased and the subsequent tangible injury. What followed immediately after the fall of the deceased is largely shown from his statements, and what he said to fellow-workmen. This was competent. (*Hernon* v. *Holahan,* 182

App. Div. 126.) The circumstances and evidentiary facts admitted to exist in and around the place of the accident, with statements of the deceased, are controlling as to that question. That the condition developing after the injury was natural and usual and flowed from that injury seems to be sustained by the evidence and, therefore, cannot be disturbed. (*Matter of Leslie* v. *O'Connor & Richman, Inc.*, 220 N. Y. 672; *Uhl* v. *Guarantee Construction Co.*, 174 App. Div. 571.)

The award should be affirmed.

Award unanimously affirmed.