## MILFORD COPPER CO. OF UTAH et al. v. INDUSTRIAL COMMISSION et al.

No. 3825.   Decided November 24, 1922.   (210 Pac. 993.)

1. MASTER AND SERVANT—COMPENSATION 'AWARD SUPPORTED BY SUB-
STANTIAL EVIDENCE CONCLUSIVE.   Under the Industrial Commis-
sion Act, it is the duty of the Supreme Court to confirm the
Commission's award of compensation, if supported by some sub-
stantial evidence, though the court's conclusions may materially
differ from those of the Commission.

2. MASTER AND SERVANT—"SUBSTANTIAL EVIDENCE" NECESSARY TO
SUPPORT COMPENSATION AWARD.   "Substantial evidence," within
the Industrial Commission Act, to support an award of com-
pensation, is not that which goes beyond a mere "scintilla of
evidence," but substantial evidence must possess something of
substantial and relevant consequence, and must not consist of
vague, uncertain, or irrelevant matter not carrying the quality
of proof or having fitness to induce conviction, and it is such
that reasonable men may fairly differ as to whether it estab-
lishes plaintiff's case, and, if all reasonable men must conclude
that it does not establish such case, it is not substantial (citing
Words and Phrases, Second Series, Substantial Evidence.)

3. MASTER AND SERVANT—EVIDENCE HELD TO SUSTAIN AWARD OF
COMPENSATION FOR DEATH FROM DISEASE.   Evidence *held* to jus-
tify an award of compensation for death, as permitting no
other just inference than that an injury from the accident
either was the sole cause of 'pneumonia or so accelerated the
disease that death ensued.[1]

Proceeding by the Milford Copper Company of Utah and
another to review an award of compensation by the Indus-
trial Commission to Mrs. Henry White for the death of
Henry White.

AWARD AFFIRMED.

[1] *Pinyon Queen M. Co.* v. *Ind. Com.*, 59 Utah, 402, 204 Pac. 323;
*Tintic Milling Co.* v. *Ind. Com.*, 60 Utah, 14, 206 Pac, 278,

*George H. Smith* and *R. B. Porter,* both of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

CORFMAN, C. J.

This matter is brought on for review before this court by the plaintiffs under the provisions of our Industrial Commission Act (Comp. Laws 1917, §§ 3061-3165).

It appears that on January 18, 1922, between 2:30 and 3 o'clock p. m., one Henry White was working as a miner in the mine of the plaintiff Milford Copper Company at Minersville, Utah, and while lowering a stoping machine weighing about 65 pounds from a raise to a level in said plaintiff's mine became entangled in a rope and was jerked down the stope or raise a distance of six or eight feet and injured. Immediately thereafter he became ill, was raised to the surface of the mine, where he remained for an hour or two in the engine room, and was afterwards taken in an automobile to his home some four miles distant, where a physician was summoned, who, after a diagnosis at 5:00 o'clock p. m. of the same day, pronounced his condition as "the beginning of pneumonia." From the time of the accident he suffered great pain, and progressively grew worse until January 22d, at 7 o'clock p. m., when he died. An autopsy was held, and the cause of his death pronounced by the physicians to be "lobar pneumonia." His widow, the defendant Mrs. White, after making application for compensation in due form in behalf of herself and her minor children, was by the Commission granted an award of $4,982.86.

It is claimed by plaintiffs that there was no substantial evidence produced before the Commission to justify the award. It is argued in their brief, quoting their exact language, that—

"The most that can be said of the record in this case is that the deceased suffered a slight accident on January 18th, and that he

Certiorari

died on January 22d of lobar pneumonia. There is absolutely no evidence that the injury had anything at all to do with the pneumonia. The burden is upon the claimant not alone to show an injury and death, but that the injury caused or in some manner contributed to the death."

It may well be conceded that in all cases of this kind where there has been an accidental injury, whether slight or otherwise, there must be some substantial proof of a causal connection between the injury and the disability or death. If, then, it is shown by the record here for review that there is some substantial evidence to support the award made by the Commission, it becomes our bounden duty under the statute to confirm the award.

As to just what may be regarded by this court as substantial evidence for the purpose of sustaining an award made by the Commission is not always a matter of easy determination. Reasonable minds may, in the consideration of the evidence in a given case, differ as to the ultimate findings of fact and the conclusions reached. Our conclusions as a court may, in a particular case, materially differ with those of the Commission, but nevertheless we must confirm the award made by the Commission if it be found that there is any substantial evidence to support the Commission's ruling.

As to what may or may not be regarded as "substantial evidence" within the meaning of our Industrial Commission Act, and the procedure under it, we think the meaning of that expression is aptly defined in 4 Words and Phrases, Second Series, p. 751, which reads:

"By 'substantial evidence' is not meant that which goes beyond a mere 'scintilla of evidence,' since evidence may go beyond a mere scintilla, and yet not be substantial evidence. Substantial evidence must possess something of substance and relevant consequence and not consist of vague, uncertain, or irrelevant matter, not carrying the quality of proof or having fitness to induce conviction. Substantial evidence is such that reasonable men may fairly differ as to whether it establishes plaintiff's case, and, if all reasonable men must conclude that it does not establish such case, then it is not substantial evidence. *Jenkins & Reynolds Co.* v. *Alphena Portland Cement Co.*, 147 Fed. 641, 643, 77 C. C. A. 625,

citing *Minahan* v. *Grand Trunk Western Ry. Co.*, 138 Fed. 37, 70 C. C. A. 463; *Grand Trunk R. Co.* v. *Ives*, 12 Sup. Ct. 679, 144 U. S. 408, 36 L. Ed. 485."

The plaintiffs have in their brief quoted in part from the foregoing excerpt taken from *Jenkins & Reynolds Co.* v. *Alphena Portland Cement Co.*, supra, and also wherein that court in its opinion quoted with approval the definition of the term as defined by Judge Severens of the federal court in his opinion in *Minahan* v. *Grand Trunk Western Ry. Co.*, supra, to be "something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of 'proof' or having fitness to induce conviction."

The evidence in this case in substance shows beyond any dispute that the deceased, at the time of the accident, was but 36 years of age. Prior to that he was apparently a strong, healthy man and had made no complaint of feeling ill or indisposed to the members of his household nor to his fellow workmen at plaintiff's mine. Immediately after being jerked down the incline of the stope while lowering the stoping machine he declared to his fellow workmen that he had "hurt himself." He at once became sick and suffered so much pain that he was unable to continue his work. He progressively grew worse until he died without anything more or unusual happening to induce or cause him to have pneumonia. Within a couple of hours after the accident a physician was called who examined him and pronounced his condition the "beginning of pneumonia." The same physician, with one other, after death held an autopsy, and announced that death had been caused by the disease lobar pneumonia. That was not, in our judgment, saying that the accident was not primarily the cause of death, nor that there was no causal connection between the injury received by the accident and the death that followed a few days later. It is true that these same physicians testified that lobar pneumonia rarely develops in a short time from trauma, but these witnesses agree that, while under the facts and circumstances attending the accident it was not probable that pneumonia

would set in, yet it was not impossible for it to do so, especially if the deceased already had something to start it.

Regardless, however, of the opinions of the witnesses who testified as medical experts, there are undisputed facts shown by this record from which no just inference can be drawn other than that the deceased received an injury in the accident which was a contributing, if not the primary, cause of the sickness which led up to his death. We doubt not that the cause of death reported to be lobar pneumonia by the physicians who held the autopsy was the correct one. It may also be conceded that the pathological condition announced by the physician a couple of hours after the accident that it was the beginning of pneumonia was right, and that that disease rarely would manifest itself in so short a time after an accidental injury; yet the undisputed facts remain that the deceased, to all appearances at least, was a well man right up to the time of the accident. Immediately thereafter he declared to those present and about him that he had hurt himself, and thenceforth he continued to suffer intense pain until he died. It is our opinion that it was not necessary for the Commission to find from the evidence that an injury resulting from accident was the sole cause of the death of Henry White. If the injury received in the accident materially contributed to the virulence of a disease he already had, and from which he died, that, in our judgment, justified the award. From the evidence disclosed by the record here no just inference can be drawn but that an injury from accident either was the sole cause of lobar pneumonia or that it so accelerated that disease that ultimately death ensued. Upon either theory claimants were legally entitled to an award. *Wanda* v. *Jamestown Brewing Co.,* 191 App. Div. 17, 180 N. Y. Supp. 694; *Glennon's Case,* 236 Mass. 542, 128 N. E. 942; *Geizel* v. *Regina Co.* (N. J. Sup.) 114 Atl. 328; *General American Tank Car Corporation* v. *Weirick et al.* (Ind. App.) 133 N. E. 391; *Millers' Indemnity Underwriters* v. *Schrieber et al.* (Tex. Civ. App.) 240 S. W. 963; *Pinyon Queen M. Co.* v. *Ind. Com.,* 59 Utah 402,

204 Pac. 323; *Tintic Milling Co.* v. *Ind. Com.*, 60 Utah 14, 206 Pac. 278.

The award is affirmed, with costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.