453 So.2d 941 (1984)
Sally S. BRINKLEY, a/K/a Sally Benson, Appellant,
v.
W. Michael BRINKLEY, Appellee.
No. 84-444.
District Court of Appeal of Florida, Fourth District.
August 15, 1984.
*942 Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for appellant.
Lyons & Sanders Chartered, and Harry C. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
The trial court sustained the husband's exceptions to a general master's report pertaining to temporary alimony and child support. The wife appeals. At issue is the measure of a trial court's discretion in refusing to follow the recommendations of a general (or special) master.
A hearing was held before the general master on November 1, 1983, on the wife's motion for temporary relief. The wife testified that she planned to vacate the marital home and that she intended to purchase another house for $140,000; however, she had not yet signed a purchase and sale agreement. She estimated the expenses she expected to have after acquisition of the new home. On December 6, 1983, the general master entered extensive findings of fact and recommended, in part, as follows:
C. Until such time as the Wife vacates the marital home, the Husband will continue to pay the utility and miscellaneous expenses referred to hereinabove in Paragraph 1-Q and pay the Wife the sum of Two Thousand ($2,000.00) Dollars per month beginning November 1, 1983; all amounts to be characterized as undifferentiated temporary alimony and child support.
D. When the Wife vacates the marital home, the Husband will continue to maintain the medical and automobile insurance for the Wife and will pay the Wife the sum of Four Thousand ($4,000.00) Dollars per month on the first of each month until further Order of the Court. All reasonable and necessary medical, dental, prescription drug and hospitalization expenses for both the Wife and the parties' minor child not covered by insurance shall be the obligation of the Husband. Except in emergency situations, the Husband will be consulted before any extraordinary expenses are incurred and the Husband will not unreasonably withhold his consent. All amounts set forth *943 under this paragraph shall be characterized as undifferentiated temporary alimony and child support.
E. The Wife will be responsible for her own car payment.
Utility bills and miscellaneous expenses in connection with the marital home were approximately $700 per month.
The husband filed exceptions to the master's report, complaining that the master in effect awarded the wife $1,300 a month more for living in the new home than the cost of remaining in the marital home. The award, argued the husband, "was speculative and not based upon any testimony as to what, in fact, her expenses would be."
The trial court sustained the objections and ordered that the husband pay to the wife $2,000 per month as unallocated family support, and that he pay for her medical and automobile insurance premiums. The wife contests this order.
A trial court is bound by a master's findings of fact when they are supported by competent substantial evidence. Dent v. Dent, 438 So.2d 903 (Fla. 4th DCA 1983). In Reece v. Reece, 449 So.2d 1295 (Fla.4th DCA 1984), this court stated:
The findings of fact and conclusions drawn therefrom may not be rejected by the trial court in the absence of clear error. To put it another way, the role of the trial court in reviewing the findings and determinations of the master are similar to those of the appellate court in reviewing a trial court's findings and determinations. Harmon v. Harmon, 40 So.2d 209 (Fla. 1949); Matos v. Matos, 421 So.2d 180 (Fla.2d DCA 1982). This rule is subject to the observation that it is the trial judge "who under the law is charged with the duty and responsibility of making findings of facts and entering the final decree." U.S. Casualty Co. v. Md. Casualty Co., 55 So.2d 741, 744 (Fla. 1951). It is also recognized that the trial court may come to different legal conclusions than the master, based upon the master's findings of fact, without committing reversible error. Bergh v. Bergh, 127 So.2d 481 (Fla. 1st DCA), cert. denied, 133 So.2d 323 (Fla. 1961).
Before determining whether the trial court properly disregarded the general master's findings and recommendations on the ground that they were "contrary to the facts and to the evidence and are not in accordance with the prevailing law," we revisit Florida Rate Conference v. Florida Railroad and Public Utilities Commission, 108 So.2d 601 (Fla. 1959). In that case the supreme court discussed the meaning of "competent substantial evidence":
Although the terms "substantial evidence" or "competent substantial evidence" have been variously defined, past judicial interpretation indicates that an order which bases an essential finding or conclusion solely on unreliable evidence should be held insufficient.
In the case of N.L.R.B. v. A.S. Abell Co., 4 Cir., 1938, 97 F.2d 951, 958, a federal court said that the substantial evidence rule is not satisfied by evidence which merely creates a suspicion or which gives equal support to inconsistent inferences. And in Milford Copper Co. of Utah v. Industrial Commission, 1922, 61 Utah 37, 210 P. 993, 994, the court said that evidence to be substantial must possess something of substantial and relevant consequence and must not consist of vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction. Surmise, conjecture or speculation have been held not to be substantial evidence. White v. Valley Land Company, 1958, 64 N.M. 9, 322 P.2d 707, 709.
108 So.2d at 607. Conclusions or opinions based on pure speculation are worthless to the trier of fact. Husky Industries, Inc. v. Black, 434 So.2d 988 (Fla.4th DCA 1983) (trial court erred in denying directed verdict where plaintiff's case rested on speculative testimony of expert witness); Vecta Contract, Inc. v. Lynch, 444 So.2d 1093 (Fla.4th DCA 1983) (directed verdict should have been entered where evidence amounted to rank speculation); Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982) (conviction could not rest upon mere suspicion that defendant was "wheelman" in a robbery), pet. for review denied, 426 So.2d 26 *944 (Fla. 1983). In divorce proceedings, where the record is devoid of competent substantial evidence, an order awarding temporary alimony must be vacated. See Wilson v. Wilson, 351 So.2d 1029 (Fla. 4th DCA 1976). We therefore hold that the trial court did not abuse its discretion in implicitly holding that the wife was not entitled to an additional $2,000 per month upon moving from the marital home. While she may be entitled to an additional sum when she vacates the home, the amount to which she testified was totally speculative. The correct course for the wife to follow was to move for modification once the anticipated event occurred and her expenses became more certain. 26 Fla.Jur.2d Family Law § 632.
Accordingly, we affirm.
Affirmed.
ANSTEAD, C.J., and HURLEY, J., concur.