478 So.2d 509 (1985)
Toni ELLIOTT, Appellant,
v.
Hugh ELLIOTT, Appellee.
No. 85-1119.
District Court of Appeal of Florida, Fourth District.
November 20, 1985.
Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellant.
Thomas E. Brandt of the Law Offices of Thomas E. Brandt, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
In proceedings for temporary alimony and child support, the general master took into account interest to be earned by the wife on funds not yet paid to her arising out of settlement of a personal injury action. The trial court erroneously approved this aspect of the master's report. Brinkley v. Brinkley, 453 So.2d 941 (Fla. 4th DCA 1984); Davidson v. Davidson, 410 So.2d 943 (Fla. 4th DCA), rev. denied, 421 So.2d 67 (Fla. 1982); McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979).
We reverse the order of April 18, 1985, and remand to the trial court for a determination of temporary alimony and child support based on appellant's needs and appellee's ability to pay.
The trial court further entered an order on March 1, 1985, upon report of the *510 general master. This order, entered within the ten-day period for filing exceptions, is quashed as violative of rule 1.490(h), Florida Rules of Civil Procedure. Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985). See also Plevy v. Plevy, 466 So.2d 1219 (Fla. 4th DCA 1985).
REVERSAL; QUASHAL; REMAND.
ANSTEAD and GLICKSTEIN, JJ., concur.