571 So.2d 96 (1990)
Ursula S. HERRERO, Appellant,
v.
William James PEARCE, Jr., Appellee.
No. 89-1855.
District Court of Appeal of Florida, First District.
December 14, 1990.
*97 James G. Etheredge, Fort Walton Beach, for appellant.
William Henry Hunter, III, Destin, for appellee.
PER CURIAM.
Herrero appeals an order establishing Pearce as the father of her daughter but denying her request for pre-judgment interest and attorney's fees. Appellant contends that section 742.031, Florida Statutes (1987), mandates that a father must pay a prevailing plaintiff's attorney's fees and that, because her claim for back child support can be easily calculated, she is entitled to pre-judgment interest. We agree and reverse.
The prevailing complainant in a paternity action is entitled to attorney's fees under section 742.031, Florida Statutes (1987). White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973). We reverse and remand for appropriate findings to support an award of attorney's fees to Herrero.
The trial court denied the request for pre-judgment interest because it considered the recovery unliquidated. Pre-judgment interest is merely another element of pecuniary damages. Mason v. Reiter, 564 So.2d 142, 145 (Fla. 3d DCA 1990). Under the loss theory, the plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and the defendant's liability therefor. Id. For the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Id. Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. Id. at 146.
As in Mason, the final judgment in this case liquidated the child support payments due as of particular dates certain. These amounts were recognized by judgment and only a mathematical computation was left for the court to consider. Although no transcript was provided, it is undisputed on appeal that the court heard extensive argument which disclosed the specified amounts. Therefore, we remand the case for calculation and award of prejudgment interest at the statutory rate from each monthly date of loss when Pearce should have made each payment, see Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); Zafrilla v. Volare Shoes Inc., 394 So.2d 146 (Fla. 1st DCA 1981).
REVERSED and REMANDED.
ERVIN, WIGGINTON and MINER, JJ., concur.