697 So.2d 1311 (1997)
Ray Edward WILLIAMS, Appellant,
v.
Mary Ann WILLIAMS, Appellee.
No. 97-536.
District Court of Appeal of Florida, Third District.
August 20, 1997.
Gary S. Gostel, Miami, for appellant.
*1312 Ellen G. Lyons, Miami, for appellee.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Ray Edward Williams, the husband, appeals and Mary Ann Williams, the wife, cross appeals an order awarding her temporary alimony and temporary attorney's fees in a dissolution action. We reverse the alimony award. We affirm the fee award, in part; we reverse that portion of the fee award directing the husband to make installment payments.
Although the court did not award an outrageous amount of temporary alimony in light of the wife's asserted needs and the husband's voluntary payments, we are compelled to vacate the award. The record is not a model of clarity as it lacks specific facts establishing the husband's actual income to demonstrate that he has the ability to pay the award. Vacation of the award is mandated where, as here, the record is devoid of competent substantial evidence as to the husband's ability to pay. See Brinkley v. Brinkley, 453 So.2d 941, 944 (Fla. 4th DCA 1984). On remand, in order to determine the correct award amount, the court is directed to conduct an evidentiary hearing to permit the parties to establish clearly the revenue of the parties' closely-held corporation as well as the husband's earned and unearned income. See Barclay v. Barclay, 554 So.2d 1191 (Fla. 2d DCA 1989). In so doing, the trial court must also carefully consider the parties' lifestyle as established during the marriage. "Florida case law has long recognized that self-employed spouses, in contrast to salaried employees, have the ability to control and regulate their income. Their testimony, tax returns, and business records accordingly may not reflect their true earnings, earning capability, and net worth." Ugarte v. Ugarte, 608 So.2d 838, 840 (Fla. 3rd DCA 1992), cause dismissed, 617 So.2d 322 (Fla. 1993).
We affirm the order awarding temporary attorney's fees to the wife, but we reverse that portion of the award ordering the husband to make minimal payments each month to wife's counsel. Such minimal installment payments are unreasonable and defeat the purpose of the award. See Urbieta v. Urbieta, 469 So.2d 930 (Fla. 3d DCA 1985); Bleakley v. Bleakley, 680 So.2d 1048 (Fla. 4th DCA 1996). On remand, the court must fashion a more reasonable payment schedule by directing the husband to pay a larger monthly amount or to pay the amount in full.
Affirmed in part, reversed in part, and cause remanded with directions.