783 So.2d 1151 (2001)
MISSION SQUARE, INC., Appellant,
v.
O'MALLEY'S, INC. d/b/a O'Malley's Bar and Tavern, Appellee.
No. 1D00-257.
District Court of Appeal of Florida, First District.
April 10, 2001.
Rehearing Denied May 17, 2001.
Koko Head of Koko Head, P.A., Jacksonville, and Rutledge R. Liles and R. Kyle Gavin of Liles, Gavin and Costantino, Jacksonville, for Appellant.
David L. Thompson, Jacksonville, for Appellee.
KAHN, J.
We have for review a final judgment awarding damages to appellee O'Malley's, Inc. The dispute arose out of a commercial lease under which appellant Mission Square was the lessor and O'Malley's was the tenant. We affirm the judgment with *1152 the exception of the court's award of prejudgment interest on future damages.
O'Malley's lease contained an exclusivity provision that prohibited the landlord from leasing to any other tenants who were in the bar or restaurant business without first obtaining O'Malley's written consent. The evidence below is undisputed that O'Malley's did not provide such consent for the tenant in question, Hala Café. None of the issues raised by appellant warrant reversal of the jury's finding of liability in favor of O'Malley's. Accordingly, we affirm the judgment of liability.
We reverse, however, the court's award of prejudgment interest on future damages. The jury's verdict in this case relied upon certain expert testimony to award damages attributable to diminution in the value of O'Malley's leasehold interest that would occur over many years in the future. The expert calculated the total future damages award and then reduced that amount to present value. In entering final judgment, the trial judge added to the figure representing present value of future damages an amount for prejudgment interest at the statutory rate.
Seeking to affirm this result, appellee relies upon cases such as Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985) and Underhill Fancy Veal, Inc. v. Padot, 677 So.2d 1378 (Fla. 1st DCA 1996). In Argonaut, the court noted, "wherever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date." 474 So.2d at 214 (quoting Sullivan v. McMillan, 37 Fla. 134, 19 So. 340 (1896)). Padot observed that courts recognize two prerequisites to the award of prejudgment interest on damages: (1) out-of-pocket pecuniary loss, and (2) a fixed date of loss. See Padot, 677 So.2d at 1380.
These general rules do not dictate that future damages, although ascertainable by a jury, are subject to prejudgment interest. Present value of future damages in most cases, and certainly in the present case, is determined by expert testimony that provides information concerning a total amount of damages that will be incurred in the future and then provides an appropriate interest rate for discounting those damages to present value. See Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089, 1092-93 (Fla.1989). The assumption, then, is that if a judgment awards the present value of future damages, the successful litigant may invest the amount representing such present value, and thereby obtain in the future an amount equal to the actual loss, as such loss or damage occurs in the future. Because present value actually replaces future losses, and takes into account an interest rate, it would be incongruent to tack onto the present value figure an additional interest rate representing a time prior to the time future losses begin to occur. Accordingly, the law provides that a successful plaintiff is entitled to prejudgment interest "when it is determined that the plaintiff has suffered an actual out-of-pocket loss at some date prior to the entry of judgment." Alvarado v. Rice, 614 So.2d 498, 499 (Fla.1993).
In the present case, appellee is entitled to prejudgment interest on those losses that occurred as a result of the breach before the date of trial, but is not entitled to prejudgment interest on the present value of future damages. Accordingly, we REVERSE that portion of the final judgment that awards prejudgment interest on future damages and REMAND this case for further proceedings consistent with this opinion. We AFFIRM the balance of the judgment on appeal.
BROWNING and LEWIS, JJ., concur.