965 So.2d 1168 (2007)
Jessica Reed WRIGHT, Appellant/Cross-Appellee, and
Melton H. Little, Intervenor/Appellant,
v.
Wayne W. WRIGHT, Appellee/Cross-Appellant.
Nos. 2D05-4801, 2D05-5547.
District Court of Appeal of Florida, Second District.
August 15, 2007.
*1169 Melton H. Little of Kallins, Little, Delgado & Opstal, P.A., Palmetto, for Appellant/Cross-Appellee Jessica Reed Wright and Melton H. Little of Kallins, Little, Delgado & Opstal, P.A., Palmetto, for Intervenor/Appellant Melton H. Little.
Susan J. Silverman, Sarasota, for Appellee/Cross-Appellant.
CANADY, Judge.
The former wife, Jessica Reed Wright, appeals the final judgment of dissolution of marriage and the amendment to the final judgment of dissolution of marriage. The former wife's trial counsel, Melton H. Little, intervened in order to challenge the portion of the final judgment awarding attorney's fees and costs to the former wife. The former husband, Wayne W. Wright, cross-appeals, challenging the equitable distribution of property and the award of attorney's fees and costs to the former wife. For the reasons explained below, we reverse the portion of the award of attorney's fees and costs specifying the method of payment. We affirm the final judgment and the amendment to the final judgment in all other respects without discussion.
The former wife and the former husband married in June 1996. They had two daughters during their marriageone born in January 1998 and one born in July 2000. The former wife and the former husband separated in February 2004. The dissolution proceedings were initiated in June 2004.
In the final judgment of dissolution entered on August 9, 2005, the trial court awarded the former wife
the exclusive use and possession of the marital home . . . until such time as the youngest child reaches the age of 18 and graduates from high school or in no event later than her 19th birthday, or until the Wife dies, remarries, cohabitates, the Wife elects to abandon her occupancy[,] or the parties agree to the sale of the home. At that time the house shall be listed with an independent realtor and sold. . . . The proceeds of the sale shall be divided equally, and then the deductions made from each parties' share as outlined in the judgment.
The trial court also found that "[t]he Husband has income and assets from which he can be ordered to pay attorney's fees and costs." The trial court ordered that "[t]he Husband shall pay the Wife's attorney's fees and costs in the amount of $37,976.95. Any balance due at the time of the sale of the marital home shall be deducted from the Husband's share and paid to the Wife for payment to her attorney."
On August 17, 2005, the former wife filed a motion for rehearing and reconsideration, claimingamong other thingsthat
[i]t is unreasonable, unfair, inequitable and unsupported by law to require counsel for the Former Wife to wait thirteen (13) years after the entry of the Final Judgment to receive payment for services rendered to the Former Wife in *1170 this action. Further, the Final Judgment does not provide for the entry of a judgment against the Former Husband for payment of these amounts[ ][and] does not provide for interest on the amounts owed to counsel for the Former Wife. . . .
On August 25, 2005, the trial court granted portions of the former wife's motion for rehearing and reconsideration but denied her request related to the award of attorney's fees and costs. On October 6, 2005, the trial court entered an amendment to the final judgment of dissolution, reflecting the trial court's rulings on the former wife's motion for rehearing and reconsideration. This amendment did not affect the final judgment provisions concerning the award of attorney's fees and costs.
On appeal, the former wife's counsel argues that the trial court erred in tying the award of attorney's fees and costs to the former husband's interest in the marital home because the marital home may not be sold until the youngest child reaches the age of eighteen. The former wife's counsel claims that fees should generally be paid in large partial payments or a lump sum and that the trial court's award is unreasonable and unsupported by law.
An award of attorney's fees and costs is reviewed for abuse of discretion. Highlands Carpentry Serv., Inc. v. Connone, 873 So.2d 611, 613 (Fla. 2d DCA 2004); Kelly v. Kelly, 925 So.2d 364, 369 (Fla. 5th DCA 2006). Section 61.16(1), Florida Statutes (2004), provides in relevant part that "[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter." "The purpose of the section is to ensure that both parties will have a similar ability to obtain competent legal counsel." Balko v. Balko, 957 So.2d 15, 16 (Fla. 2d DCA 2007) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)).
We conclude that the structure of the award of attorney's fees and costs to the former wife was manifestly unreasonable because despite the trial court's determination that the former husband had the ability to pay the former wife's fees and costs, payment of the award might not be made until 2019, when the youngest child turns nineteen years old. See Smith v. Smith, 495 So.2d 229, 230 (Fla. 2d DCA 1986) (stating that because "use and possession of the home had been awarded to the wife until the youngest child attains the age of eighteen years," payment of the former wife's attorney's fees could not be made from the funds from the sale of the home); Hood v. Hood, 535 So.2d 715, 715 (Fla. 5th DCA 1989) (holding that "[t]he trial court abused its discretion in allowing the husband a seven[-]year payment period"); Urbieta v. Urbieta, 469 So.2d 930, 931 (Fla. 3d DCA 1985) (holding that trial court abused its discretion in its award of attorney's fees to the wife because "it would take eight years for the husband to discharge the remaining" obligation and the husband had a clear ability to pay). Allowing such a structure would discourage competent attorneys from representing clients in dissolution of marriage cases, thereby defeating the purpose of the statute providing for attorney's fees and costs in dissolution cases. See Williams v. Williams, 697 So.2d 1311, 1312 (Fla. 3d DCA 1997) (holding that "minimal installment payments are unreasonable and defeat the purpose of the award").
Therefore, we reverse the portion of the award of attorney's fees and costs in the final judgment of dissolution of marriage specifying the method of payment and remand for further proceedings. On remand, *1171 the trial court shall fashion a reasonable method for the former husband to pay the former wife's attorney's fees and costs. See id. The trial court shall also award interest on the amount from the date of entitlement. See Ericksen v. Fastening Sys., Inc., 932 So.2d 271, 271 (Fla. 2d DCA 2005); Stoler v. Stoler, 679 So.2d 837, 838 (Fla. 2d DCA 1996).
Affirmed in part; reversed in part; remanded.
NORTHCUTT, C.J., and MENENDEZ, MANUEL, JR., Associate Judge, Concur.