21 So.3d 41 (2009)
NOVA SOUTHEASTERN UNIVERSITY OF the HEALTH SCIENCES, INC., d/b/a College of Osteopathic Medicine, Appellants/Cross-appellees,
v.
Keith M. SHARICK, Appellee/Cross-appellant.
Nos. 3D08-2507, 3D08-2705, 3D08-2802.
District Court of Appeal of Florida, Third District.
August 26, 2009.
Rehearing Denied November 9, 2009.
*42 Panza, Maurer & Maynard, Richard A. Beauchamp and Mark A. Emanuele, Fort Lauderdale, for appellant/cross-appellee.
Mandina & Ginsberg; Philip D. Parrish, Miami, for appellee/cross-appellant.
Before RAMIREZ, C.J., and WELLS, and SUAREZ, JJ.
WELLS, Judge.
Nova Southeastern University of the Health Sciences, Inc., d/b/a College of Osteopathic Medicine "(Nova") appeals from the denial of its motions for a directed verdict and a new trial, and from orders awarding prejudgment interest and costs to Keith Sharick, a former student at its College of Osteopathic Medicine. Sharick cross-appeals the order awarding prejudgment interest. For the following reasons, we affirm each of the orders on appeal with the exception of the order on prejudgment interest.
This appeal arises from Sharick's dismissal from Nova's College of Osteopathic Medicine in March 1993, just two months before he was to receive a degree in osteopathic medicine ("a DO degree"). After exhausting the university's appeal process, Sharick brought the instant action, seeking specific performance and damages from Nova.
The first trial in this matter took place in August 1998 and resulted in a jury determination that Sharick's dismissal from the osteopathic medicine program was arbitrary, capricious and/or lacked any discernable rational basis. But, because the trial court only permitted the jury to consider damages with respect to tuition expenses, Sharick was awarded only $45,000 in damages.
In Sharick v. Southeastern University of Health Sciences, Inc., 780 So.2d 136 (Fla. 3d DCA 2000) ("Sharick I"), this Court concluded that the trial court had erred in refusing to allow Sharick to plead and prove damages stemming from lost earning capacity and ordered a new trial on damages on remand:
In this case, the jury found that the university's decision to dismiss Sharick was arbitrary, capricious, and/or lacking any discernable rational basis. This determination is supported by competent, substantial evidence. Southeastern has not challenged the propriety of the adverse jury verdict on cross-appeal. Therefore, the sole issue presently before the court is the appropriate measure of damages for Sharick's wrongful dismissal less than two months prior to when he expected to graduate and obtain his degree as a doctor of osteopathic medicine (DO).
....
In valuing the loss of this degree within the context of an arbitrary, capricious or bad faith deprivation of such, we conclude that it is appropriate to consider the possibility of lost future earnings....
....
The record in this case establishes that but for Sharick's dismissal from the university, he would have obtained his DO degree some two months thereafter. As the fact of Sharick's damage as the result of Southeastern's breach of contract can be proved with certainty, we reverse and remand for a new trial on damages. Upon retrial, Sharick must be afforded the opportunity to plead and prove damages in the form of the loss of earning *43 capacity that would reasonably have resulted had he received his DO degree.
There is testimony in the present record suggesting that Sharick would have been foreclosed from enrolling or graduating elsewhere based upon the timing and nature of his dismissal from Southeastern. We conclude that this is an appropriate issue for the jury upon retrial. If the jury finds that it is no longer possible for Sharick to obtain a DO degree, then Southeastern would be foreclosed from complaining of the resulting uncertainty in proof of damage caused by its wrongful actions. Furthermore, there is evidence from which a jury could reasonably conclude that but for the wrongful deprivation of this degree, Sharick would have been able to practice in some capacity as a doctor of osteopathy.
....
... Accordingly, the extent or amount of the resulting impairment to Sharick's earning capacity may be determined by a jury based upon reasonable inference. Upon retrial, both parties are free to present evidence as to what impact Sharick's academic and clinical performance may have had upon his ultimate success as an osteopathic physician.
Alternatively, we recognize the potential for mitigation of damages if Sharick fails to establish that it would be impossible for him to obtain a DO degree at another institution. In that event, the appropriate measure of damages would only be the reproduction cost of acquiring the degree elsewhere. This would include a calculation of the present value of his lost income during the time period needed to acquire the degree, coupled with the tuition and associated costs incurred at the new school.
Sharick, 780 So.2d at 138-141 (footnotes omitted) (citations omitted).
The re-trial on damages took place in January 2008. At the conclusion of that trial, the jury was asked to decide whether Sharick could obtain a DO degree from another institution. If Sharick could obtain a DO degree from another institution, the jury was asked to award Sharick an amount equal to the lost income for the time period needed to obtain that degree. If he could not obtain a DO degree elsewhere, the jury was asked to award Sharick an amount that would compensate him for the earnings that he had lost in past and that he would lose in the future.
On February 4, 2008, the jury determined that Sharick could not obtain a DO degree from another institution, awarding him $813,000 for earnings lost in the past and $3.5 million (present value) for earnings that he would lose in the future. Final judgment for these two amounts was entered on August 29, 2008. Although prejudgment interest was denied on the past earnings award through the date of the verdict because the verdict form did not fix the date of Sharick's loss, $269,087 in prejudgment interest nonetheless was awarded on both the past and future lost earning awards from the date of the verdict through the date of the final judgment. In a separate order, $32,118.58 in costs was awarded to Sharick.
Nova timely filed a motion for new trial, alleging numerous errors with respect to evidentiary rulings, the jury instructions, and the jury verdict. This motion, along with Nova's motion for directed verdict, on which the lower court had previously reserved ruling, was denied.
In the school's consolidated appeals, Nova again raises many of the arguments made below regarding evidentiary rulings, the jury instructions and the jury verdict. With the exception of the prejudgment interest award, we find no reversible *44 error. As to the prejudgment interest award, we agree that the court below correctly refused to award prejudgment interest on the loss of past earnings award because the jury failed to fix a date of that loss. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985) (finding that prejudgment interest is awardable based on a mathematical computation "[o]nce a verdict has liquidated the damages as of a date certain"); cf. Herrero v. Pearce, 571 So.2d 96, 97 (Fla. 1st DCA 1990) (where a monetary judgment was entered against a father requiring him to pay back child support, ordering that prejudgment interest be calculated at the statutory rate "from each monthly date of loss when [the father] should have made each payment"); Metro. Dade County v. Bouterse, Perez & Fabregas Architects Planners, Inc., 463 So.2d 526, 527 (Fla. 3d DCA 1985) (where a party breached a contract calling for progress payments over a period of time, finding that prejudgment interest should be calculated on each progress payment from the date it would have become due). We also agree that no such interest was proper in this case as to the loss of future earnings. See Mission Square, Inc. v. O'Malley's, Inc., 783 So.2d 1151, 1152 (Fla. 1st DCA 2001) (finding that prejudgment interest is not recoverable where a judgment awards the present value of lost future damages, explaining that "[b]ecause present value actually replaces future losses, and takes into account an interest rate, it would be incongruent to tack onto the present value figure an additional interest rate representing a time prior to the time future losses begin to occur"). Because no prejudgment interest was appropriate in this case, awarding such interest between the date of the verdict and the date of the judgment was error.
Accordingly, that portion of the final judgment awarding prejudgment interest on past and future damages from the date of the verdict to the date of the final judgment is reversed. The remainder of the judgment as well as the cost order are otherwise affirmed.
Affirmed in part, reversed in part.