PER CURIAM.
Shep Harris, Jr. (the Father), challenges the trial court’s final judgment granting the petition of Zenoria McKinney (the Mother), in which she sought an order setting child support. Because the portion of the oi'der awarding attorney’s fees is facially erroneous, we reverse that award, remand for further proceedings, and certify a question of gi’eat public importance. Additionally, because there is error on the face of the judgment with regard to the trial coui't’s award of prejudgment interest on the retroactive child support, we reverse and remand for recalculation of the judgment amount. We affirm the remainder of the trial court’s final judgment.
The parties’ son was born out of wedlock on December 11, 1994. On March 28, 1995, the Father and the Mother entered a Stipulation for Order of Paternity and/or Child Support, by which the Father acknowledged that he was the biological father of the child. However, the same stipulation indicated that the issues of child support, life insurance, and birth expenses were “reserved” and that the Mother waived her right “to collect retroactive child suppoi't.” The Department of Revenue and the Mother then filed a Petition to Determine Paternity per Agreement, attaching the stipulation and asking that the stipulation be “incorporated” into the final judgment.[1]
On April 13,1995, the trial court entered its Final Judgment Establishing Stipulated Paternity. The terms of the final judgment included the following statement: “Acknowledgment of Paternity filed in this action is approved, ratified and incorporated as though fully stated herein.” Further, the tidal court reserved jurisdiction over the cause of action “for the purpose of entering such orders as is [sic] appropriate.” Although the record does include a financial affidavit filed by the Mother showing her to be unemployed, there is nothing of record to indicate the Father’s employment status, nor are there findings of fact in the final judgment related in any way to the issue of child support.
On May 26, 2004, the Department of Revenue, as the subrogee of the Mother, filed a petition for modification, alleging that the child had received support from the state agency and asking the trial court to modify the final judgment to require the Father to pay child support. The Father filed a response denying his ability to pay support and a counterpetition seeking court-ordered visitation with the child. The Mother, through personal counsel, *402 filed a response to the Father’s counter-petition, and in May 2005, the trial court ordered scheduled visitation for the Father. In January 2006, the Mother filed a motion for entry of an order setting child support. By this pleading, she acknowledged that the final judgment reserved ruling on the issue of child support, alleged that she was in need of the support, and argued that the Father should be required to pay child support retroactive to the date of the final.judgment.[2]
The Father filed his financial affidavit, which listed his annual gross income at approximately $22,000. The matter then was sent to mediation; however, the only agreement reached was that the Father would pay $100 per week temporary child support until the trial court held a hearing and issued a final ruling. These payments were to begin on March 24, 2006.
The case was set for trial on August 29, 2006. However, for some reason not apparent from the record, the trial was rescheduled for January 23, 2007, with a docket sounding set for January 22, 2007. The order setting this trial date indicates that a copy of this notice of trial was sent to the Father’s attorney on September 1, 2006. Nothing on the notice indicates that a copy was sent to the Father personally.
On December 27, 2006, the attorney representing the Father moved to withdraw as counsel of record, and the trial court granted that motion by an order dated January 4, 2007, which indicated that a copy was sent to the Father at his post office box address.
The Father did not appear for either the January 22, 2007, docket sounding or the January 23, 2007, trial. In his motion for new trial, the Father alleged that he had been unaware that trial was scheduled for January 23 but that he had received a telephone call on that day from someone who had told him that the Mother had “gone to court” that morning.' He further alleged that he did appear at the courthouse that day but that upon his arrival, he was advised that his case already had “been heard.”
On March 22, 2007, the trial court entered its final judgment, in which it noted that although the Mother and her attorney were present for the final hearing, the Father was not. The court made findings as to the Father’s income based on his financial affidavit and determined that he should pay child support in the amount of $494 per month. The trial court further found that the Father owed the Mother retroactive child support back to the date of the child’s birth, which amounted to $70,148. The court also awarded prejudgment interest on the retroactive child support in the amount of $53,302.03. The final judgment specified that the Father pay this retroactive child support and prejudgment interest by payments of $98.80 per month. Finally, the court ordered the Father to pay the Mother $4200 for her attorney’s fees.
On August 15, 2007, the trial court held a hearing on the Father’s motion for new trial or rehearing. The Father testified that his failure to appear for trial was the result of his attorney withdrawing from his case in December 2006 and not advising him of the scheduled date and time of trial. However, the Father did acknowledge that he picked up his file from his attorney at the time she withdrew and that he had the file in his possession. The trial court determined that based on this testimony, the Father knew or should have known of the *403 date and time of the trial. Accordingly, the trial court denied his request for new trial.
On appeal, the Father first argues that the trial court erred in allowing his attorney to withdraw without holding a hearing and without providing him notice of such hearing. However, at the hearing on his motion for new trial, the Father admitted that he personally went to his attorney’s office and signed the motion to withdraw that his attorney filed. As such, he had notice of the attorney’s withdrawal prior to the trial court granting the motion, and he cannot establish that he was prejudiced by the lack of a hearing. We therefore reject this argument.
The Father also argues that the trial court erred by proceeding to trial in his absence and by later denying his request for new trial. However, the trial court made a specific finding that the Father knew or should have known of the date and time of the trial, and this finding is supported by the Father’s testimony that prior to trial he was in possession of his case file, which included the notice of the hearing that had been provided to his attorney. Accordingly, we affirm the trial court on this issue.
Next, the Father argues that the trial court erred in awarding child support retroactive to the date that the child was born. He points to section 61.30(17), Florida Statutes (2008), which provides that “[i]n an initial determination of child support, ... the court has the discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 2k months preceding the filing of the petition .... ” (Emphasis added.) The twenty-four-month limitation, however, was added to the statute by a 1998 amendment, ch. 98-397, § 11, at 3222, Laws of Fla., which has been construed to be substantive in nature and thus not subject to retroactive application. See Morris v. Swanson, 940 So.2d 1256 (Fla. 1st DCA 2006). Accordingly, the trial court did not err by exceeding the statute’s twenty-four-month limitation in this case, where the child was born in 1994. Accordingly, we affirm the award of retroactive child support back to the child’s date of birth.
The Father also argues on appeal that the trial court erred in awarding the Mother attorney’s fees because the court’s order did not include specific findings regarding the number of hours reasonably expended and the reasonableness of the hourly rate charged. The Father is correct that in order to award attorney’s fees, a trial court must make such findings and that the court’s order here does not include such findings. See Markovich v. Markovich, 974 So.2d 600, 601 (Fla. 2d DCA 2008) (“Absent specific written findings regarding the basis for determination of the amount awarded, we are compelled to reverse and remand for further proceedings.”).
We note that the record before us does not include a transcript and that due to his absence from the final hearing below, the Father is unable to supply this court with an approved statement of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Even so, this court previously has determined that the absence of the required findings in the written order renders the order fundamentally erroneous on its face and that the lack of transcript “does not preclude appellate review.” Baratta v. Valley Oak Homeowners’ Ass’n at the Vineyards, 891 So.2d 1063, 1065 n. 4 (Fla. 2d DCA 2004). Accordingly, we reverse the order awarding attorney’s fees and remand for the trial court to make the necessary written findings as required by Florida Patient’s *404 Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Acknowledging the concerns raised by the concurrence below, we also certify the following question to be one of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
IS AN ORDER AWARDING ATTORNEY’S FEES PURSUANT TO FLORIDA PATIENT’S COMPENSATION FUND V ROWE, 472 So.2d 1145 (Fla.1985), THAT LACKS THE REQUIRED FINDINGS REGARDING THE NUMBER OF HOURS REASONABLY EXPENDED AND THE REASONABLENESS OF THE HOURLY RATE CHARGED FUNDAMENTALLY ERRONEOUS ON ITS FACE, THUS REQUIRING REVERSAL, EVEN WHEN THE APPELLATE RECORD DOES NOT INCLUDE A TRANSCRIPT OR APPROVED STATEMENT OF THE PROCEEDINGS BELOW?
Finally, the Father argues that the trial court’s final judgment is erroneous on its face in that it includes an award of prejudgment interest. In support of this position, the Father relies on Penalver v. Columbo, 810 So.2d 563 (Fla. 2d DCA 2002), in which this court reversed a child support order for reasons unrelated to the issues raised in this case. In a footnote, this court explained the difference between a child support arrearage and retroactive child support, observing that “[a]n award of prejudgment interest on the retroactive child support would have been erroneous.” Id. at 566 n. 1. As it was not the holding of the case, however, that statement was dicta. Accordingly, Penalver is of limited support for the Father’s position.
In Golden v. Lewis, 647 So.2d 979 (Fla. 2d DCA 1994), this court reversed a final judgment of paternity that denied the mother retroactive child support and remanded the case with instructions for the trial court to set the proper amount of retroactive child support. As part of those instructions, this court observed that “[t]he appellant correctly notes that the party entitled to an award of child support is also entitled to prejudgment interest computed from the dates the court determines the support payments to have been due.” Id. at 981 (citing Herrero v. Pearce, 571 So.2d 96, 97 (Fla. 1st DCA 1990)). However, like the language in Penalver, this observation is not the holding of the case, but rather is dicta.
In Herrero, the First District determined that retroactive child support is in the nature of liquidated damages and therefore subject to prejudgment interest, noting that “[f|or the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date.” 571 So.2d at 97 (citing Mason v. Reiter, 564 So.2d 142, 145 (Fla. 3d DCA 1990)). The court went on to conclude that since the final judgment at issue in that case determined the amount of the child support as calculated back to the date of birth, i.e., a date certain, the award of retroactive child support was in the nature of liquidated damages subject to prejudgment interest.
We disagree with this conclusion. “Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded; i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.... However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.”
Szucs v. Qualico Dev., Inc., 893 So.2d 708, 712 (Fla. 2d DCA 2005) (quoting Bowman *405 v. Kingsland Dev., Inc., 432 So.2d 660, 662-63 (Fla. 5th DCA 1983)). Here, the trial court could not have determined “with exactness” the amount of retroactive child support that was proper based solely on the Mother’s motion for an order establishing child support. It was necessary for the trial court to refer to the Father’s financial affidavit or other evidence of the parties’ incomes or lack thereof before it could apply the statutory guidelines in determining the proper amount of child support to award. Other factors also may influence the final determination of the amount, including health insurance issues, day care issues, etc. Additionally, the trial court is afforded some limited discretion in reaching its final determination. Finally, section 61.30(17)(a) allows an obligor to introduce evidence as to his income for the years subject to the retroactive child support award. In order to properly address all of the applicable factors involved in determining the amount of a retroactive child support award, the trial court would have to take “testimony to ascertain facts upon which to base a value judgment.” Bowman, 432 So.2d at 663. As such, we conclude that retroactive child support is in the nature of unliquidated damages, rather than liquidated damages. Therefore, the trial court here erred in awarding prejudgment interest on its award of retroactive child support. See Burkhart v. Kroeger Concrete Prods., Inc., 468 So.2d 469, 469-70 (Fla. 4th DCA 1985) (“Prejudgment interest can only be added to a damage award if those damages were liquidated. If damages are unliquidated, as is the case here, interest can accrue only from the time of the judgment.” (citations omitted)).
In conclusion, we reverse the award of prejudgment interest and the award of attorney’s fees. We affirm the remainder of the final judgment and remand for the entry of an amended final judgment consistent with this opinion. Additionally, we certify conflict with the First District’s opinion in Herrero v. Pearce, 571 So.2d 96 (Fla. 1st DCA 1990), and we certify the above question as one of great public importance.
Affirmed in part, reversed in part, remanded, conflict certified, and question certified.
VILLANTI, J., Concurs.
DAVIS, J., Concurs specially with an opinion in which SILBERMAN, J., Concurs.

. This petition was filed by counsel for the Department of Revenue.

. The last appearance of the Department of Revenue in the record is the filing of the petition for modification. After that pleading, all further pleadings were filed on behalf of the Mother by her private counsel.