NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.M.A.,       )
      )
      Appellant,       )
      )
v.       )     Case No. 2D18-478
      )
J.A.S.,       )
      )
      Appellee.       )
_____)
      )
J.A.L., f/n/a J.A.S.,       )
      )
      Appellant,       )
      )
v.       )     Case No. 2D18-1406
      )     <u>CONSOLIDATED</u>
R.M.A.,       )
      )
      Appellee.       )
_____)

Opinion filed April 26, 2019.

Appeal from the Circuit Court for
Pinellas County; Amy M. Williams,
Judge.

Jane H. Grossman of Law Office of
Jane H. Grossman, St. Petersburg,
for Appellant R.M.A.

Gary E. Williams and Stephen D.
Gregg of The Law Firm for Family
Law, Clearwater, for Appellee J.A.L.

ATKINSON, Judge.

In this consolidated appeal, R.M.A., the father, appeals an order awarding J.A.L., the mother, attorney's fees following the entry of a final judgment establishing paternity, child support, and time-sharing, and the mother appeals an order granting her motion for rehearing requesting a reasonable payment plan on the grounds that it erroneously awarded de minimis payments. We reverse only the underlying award of attorney's fees.

The father brought an action against the mother for paternity and to determine custody, parental responsibility, and child support under chapter 742, Florida Statutes (2011). Following a trial, the court entered a final judgment establishing the father's paternity and determining the mother's entitlement to an award of attorney's fees. The trial court held a hearing on the mother's subsequent motion for attorney's fees and costs. The transcript of that hearing was not included in the record on appeal.

The trial court entered a written order on the mother's motion, in which it made specific findings as to the reasonableness of the hourly rates charged by the mother's attorneys. In calculating the total award, the trial court began with the total fees sought by the mother's attorneys—$54,397.50 in fees paid to one firm, plus an additional $32,210.00 in fees paid to a second firm—then made certain reductions. Based on its review of the attorney fee affidavits,[1] the court file, and the parties' arguments, the trial court determined that fifty percent of the litigation involved time-

---

[1]An amended attorney's fees affidavit was introduced into evidence at the hearing. This affidavit included an itemized list for each attorney and paralegal of the hours spent and the hourly rate, as well as the fee agreement and a thirty-page summary of the first firm's timesheets.

sharing, and after making all of the reductions, it taxed that amount against the father. The trial court awarded the mother the following attorney's fees and costs: $21,866.67 for the first firm plus $13,384.71 for the second firm.

Absent from the written order are specific findings as to the reasonableness of the number of hours spent by the mother's attorneys. The father contends that this omission constitutes reversible error notwithstanding his failure to supply a transcript of the hearing. The mother concedes that the trial court failed to make these findings but suggests that it reviewed her amended affidavit—which included an itemized list of the hourly rate and the number of hours spent by each attorney—and made certain reductions, thereby implying a finding as to the reasonableness.

The mother filed a motion for rehearing, requesting the trial court amend the fee award to include a reasonable payment plan for the payment of the award, as well as an additional award of interest from the date of entitlement. The trial court held a hearing and entered an order granting the mother's motion. The order provides for direct monthly payments of $200 to the mother's current law firm until $22,637.65 has been paid; payments of $100 to the mother's previous counsel; and, once $5680.97 is paid in full, payments of $100 to the mother until $8175.05 has been paid.[2] The mother appealed the order, arguing that the trial court erred by only awarding de minimis payments.

Section 61.16, Florida Statutes (2018), governs the determination of an award of attorney's fees in dissolution of marriage, support, and child custody cases.

_____

[2] The trial court added prejudgment interest.

- 3 -

See Rosen v. Rosen, 696 So. 2d 697, 701 (Fla. 1997). This court reviews an award of attorney's fees under that section for abuse of discretion. Wright v. Wright, 965 So. 2d 1168, 1170 (Fla. 2d DCA 2007). An abuse of discretion results when no reasonable person would take the view adopted by the trial court. Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).

The trial court has discretion to establish a regular payment plan for the attorney's fee award. Lowman v. Lowman, 724 So. 2d 648, 650 (Fla. 2d DCA 1999). Nevertheless, the trial court must make factual findings to support this specific payment plan. Rogers v. Rogers, 12 So. 3d 288, 292 (Fla. 2d DCA 2009) (reversing attorney'sfee award, in part, because the trial court failed to making any "findings that would support allowing the Husband to pay the attorney's fee award in two installments over a one-year period"). The repayment period must be reasonable based upon the parties' respective financial conditions. See, e.g., Hood v. Hood, 535 So. 2d 715, 715 (Fla. 5th DCA 1989) ("The trial court abused its discretion in allowing the husband a seven[-]year payment period, especially in light of the husband's financial affidavit reflecting net assets of over $117,000 and a weekly income of over $1,100."); Urbieta v. Urbieta, 469 So. 2d 930, 931 (Fla. 3d DCA 1985) (finding that the fifty-dollar monthly repayment "was manifestly erroneous in face of the husband's financial affidavits reflecting assets of $391,000" as it would take the husband eight years to repay the remaining $4800 award). Under the current payment structure, it will take 4.7 years to pay the former attorneys directly, then another 6.8 years to pay the mother.

Although the trial court must make specific findings of fact to support an attorney's fee award under chapter 61, it can do so either orally or in a written order.

Arena v. Arena, 103 So. 3d 1044, 1046 (Fla. 2d DCA 2013). The mother bore the burden of providing a record sufficient to demonstrate reversible error. See Esaw v. Esaw, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007) ("The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript."). Without a transcript of the hearing on the mother's motion for rehearing, we cannot say that the trial court abused its discretion by failing to make sufficient factual findings to support a de minimis payment plan. Cf. Frezza v. Frezza, 216 So. 3d 758, 760 (Fla. 2d DCA 2017) (noting that specific findings to support an attorney's fee award in a dissolution proceeding "may be made in the written final judgment *or* at the hearing" and concluding that "[i]n the absence of a hearing transcript, we cannot say that the trial court erred"); Esaw, 965 So. 2d at 1264–65 ("The appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is 'usually fatal' to the appellant's claims." (quoting Casella v. Casella, 569 So. 2d 848, 849 (Fla. 4th DCA 1990))).

However, an award of attorney's fees that lacks the findings required under Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), is not susceptible to the same impediment to appellate review. See Harris v. McKinney, 20 So. 3d 400, 403 (Fla. 2d DCA 2009) ("[T]he absence of the required findings in the written order renders the order fundamentally erroneous on its face and . . . the lack of transcript 'does not preclude appellate review.' " (quoting Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, 891 So. 2d 1063, 1065 n.4 (Fla. 2d DCA 2004))). Reversal is required unless the trial court makes specific written findings as to these Rowe factors. See, e.g., Tullos v. Tullos, 37 So. 3d 355, 357 (Fla. 2d DCA 2010);

- 5 -

Voronin v. Voronina, 995 So. 2d 1049, 1050 (Fla. 2d DCA 2008); Beck v. Beck, 852 So. 2d 934, 938 (Fla. 2d DCA 2003); cf. Barber v. Goodwin, 880 So. 2d 712, 713 (Fla. 2d DCA 2004) (reversing in part because the trial court's order contained "no findings establishing the basis for the specific amount awarded for fees").

The trial court here failed to make written findings as to the reasonable number of hours expended by the mother's attorneys. Although it is unclear whether the trial court addressed the reasonableness of the attorney's fees at the hearing on the mother's motion for rehearing, "it is the established rule in this court that the omission of the required findings of fact from orders awarding attorney's fees is to be treated differently from such omissions made in other types of orders." Harris, 20 So. 3d at 406 (Davis, J., concurring specially). As a result, we must reverse and remand for the trial court to make the written findings required under Rowe, compelled as we are by precedent that dictates the disparate treatment of the issues raised by the father in his appeal and those raised by the mother in hers. Cf. Harris, 20 So. 3d at 407 (Davis, J., concurring specially) ("I agree that we must reverse the award of attorney's fees because the case law is clear that attorney's fees orders are treated differently and that the absence of the Rowe findings on the face of the written order currently renders that order per se reversible. However, I do not agree that the difference between an order awarding attorney's fees and other types of orders, such as those dealing with alimony or the equitable distribution of marital assets, justifies this disparate treatment.").

Because the trial court failed to make express, written findings as to the reasonableness of the number of hours expended by the mother's attorneys, we must reverse, notwithstanding the father's failure to present us with a hearing transcript. But

because the mother failed to provide us with the same, we are compelled to affirm the trial court's order granting the mother's motion for rehearing.

Affirmed in part; reversed in part; remanded.

NORTHCUTT and SLEET, JJ., Concur.